LAZAR BAHAM v. JACOB H. LANGFIELD and N. GALATAS, Sheriff.

Where defendants take separate appeals and file distinct bonds, one transcript will suffice. A doubtful error in the record, not essential, will not be sufficient ground for dismissal.

The Sheriff is the officer of the law charged under the writ of execution with certain duties, and his acts (where there is no improper interference on the part of the creditor) are at the risk of the defendant in execution who has it in his power to dispense with the services of the Sheriff by paying the debt.

A sale of the debtor's property and the execution of a twelve months bond does not discharge the judgment.

APPEAL from the District Court of the Parish of St. Tammany, Martin, J. A. Hennen and J. B. Grayson, for plaintiff. Jesse R. Jones, for defendants and appellants.

MERRICK, C. J. The appellee moves to dismiss the appeal in this case, on the ground that the transcript is incomplete, as appears by the certificate of the clerk, —and because each defendant took a separate appeal, and but one imperfect transcript has been filed. The clerk's certificate is in the usual form, but is followed by a qualification annexed to the statement that the transcript contains all the evidence adduced, viz: "Except the second advertisement of timber referred to in the Sheriff's return, p. 51, and in testimony of D. Tally, page 20, which 2d advertisement I have no knowledge of—do not recollect even having seen it, and it cannot be found in my office." There is nothing in the note of the testimony to show that the document referred to by the clerk was offered in evidence, and the testimony renders it doubtful whether any such document ever existed. The appellant cannot be deprived of his appeal by a statement of this kind volunteered by the clerk. It may well be treated as surplussage.

On the second ground it is sufficient to observe, that we have one complete transcript containing the bonds of both appellants before us, and nothing would be gained by filing another transcript, except additional costs to the officers of court.

The motion to dismiss, is overruled.

On the merits :

J. H. Langfield obtained judgment in solido against Louis L. Morgan, as maker, and the plaintiff, Lazar Baham, as indorser of a promissory note. Execution having issued upon the judgment, the sheriff, Galatas, seized a quantity of hewn timber belonging to the defendant, Morgan. Baham, the plaintiff in injunction, was placed by the Sheriff as keeper over the timber. The same was offered for sale for cash with the benefit of appraisement, but not sold, for want of a sufficient bid. During the interval between the cash and twelve month's sale, Morgan removed the timber which was in a raft in the Chefuncte river, intend-

ing to supply its place with other timbers of like dimensions and quality. He attended at the day of sale and offered the other timber, and to waive the advertisement and consent to an immediate sale, but from the absence of the Sheriff, or some other cause, the sale was not made. This execution was returned by order of *Langfield's* attorney, unsatisfied. A new execution issued, and the property of *Lazar Baham*, the endorser, was seized. He injoined, and on the trial of the case his injunction was perpetuated, and *Langfield* and the Sheriff appeal.

The plaintiff and appellee, *Baham*, contends in this court, that the plaintiff in execution, *Langfield*, must be considered as trustee for the benefit of plaintiff, of the property of *Morgan*, seized under execution, and having lost the advantage of the seizure by the neglect of the Sheriff, his agent, and his own connivance in not pursuing his remedies against the Sheriff for such neglect, he cannot subrogate the plaintiff, *Baham*, to his rights under the first execution, and the latter is, therefore, discharged.

If it be conceded that the endorser or surety has the same means of defence after judgment as before, for the subsequent acts of the creditor, we are by no means prepared to admit that the Sheriff is so exclusively the agent of the seizing creditor, that his omissions of duty are to be visited as penalties upon such creditor without any fault on his part.

The sheriff is the officer of the law charged under the writ of execution with certain duties, and his acts (where there is no improper interference on the part of the creditor) are at the risk of the defendant in execution, who has it in his power to dispense with the services of the Sheriff, by paying the debt. See *Sewell's Sheriff*, p. 191, Chap x., 2 L. R. 280. In such case, payment, or the conversion of the debtor's property into money, under the execution, will alone discharge the execution. Even a sale of the debtor's property, and the execution of a twelve month's bond does not discharge the judgment. 2 An. 240; 3 An. 382.

The defendant *Langfield* can hardly be charged with a neglect of duty when the property was removed while under the plaintiff's own guardianship. It follows, the injunction must be dissolved.

The judgment bears eight per cent. interest.

The defendants have proved special damages to the amount of fifty dollars, attorney's fee.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed by the court, that said injunction be dissolved, and that plaintiff's demand be rejected, and that said defendant do recover and have judgment against the said *Lazar Baham*, as principal, and *Gustave Dupart*, as surety, in *solido*, for the sum of fifty dollars special damages; and it is further ordered, that the plaintiff pay the costs of both courts.