Succession of Touzanne.

## No. 9077.

### SUCCESSION OF JOSEPH TOUZANNE.

#### On Opposition of Heirs.

Where there is but one decree, and two appeals are taken from it by different persons, but one transcript need be filed, and it matters not which appellant files it.

The commissions of an administrator of a succession are forfeited by mal-administration.

Where the assets of a succession consist alone of money, of which the administrator refuses to render an account, until it is extorted from him through repeated orders of court and under pressure of a rule for contempt, every thing will be construed against him, and the heirs shall have judgment for the sums found to be due by him with ten per centum per annum interest thereon.

Heirs are not remitted to a direct action against the administrator of their ancestor's succession to recover the sums he owes them. The proper and natural place for such demand is on the succession proceedings by opposition to his account, or by invoking the compulsory process of the court to compel him to file an account when he has failed to file any.

APPEAL from the Twenty-sixth District Court, Parish of St. Charles. *Hahn*, J.

*James D. Augustin* for the Administrator, Appellee.

*Chas. A. Baquié* for the Heirs, Appellees.

---

### ON MOTION OF HEIRS TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. Judgment was rendered against Denis Meng, the administrator, on the opposition of the heirs to his account, from which he appealed. The ground of the motion is that he has appealed as administrator from a judgment against him in favour of the succession.

The appeal bond is signed in his individual capacity, and the motion for appeal recites that it is made for "Meng against whom judgment has been rendered," etc.

Motion refused.

---

### ON MOTION OF ADMINISTRATOR TO DISMISS.

The opposition of one of the heirs was dismissed below, and she appealed. The administrator's motion applies to this appeal. The ground is that she has not brought up a transcript.

It was needless for her to do so unless Meng had failed in doing it. She took the risk of his filing his transcript. There was but one decree, and both appeals are taken from it, and is therefore unlike Suc. Clairtaux, where there were two judgments.

The motion is refused.

## ON THE MERITS.

Joseph Touzanne died in August 1877 unmarried and intestate, his only heirs being his mother, and a half-brother. It was not until December 1878 that his succession was opened, when Denis Meng obtained administration thereof on the representation that he was a creditor. The inventory contained but one item, eleven hundred and seventeen dollars and eighteen cents, cash on deposit in a Savings Bank in New Orleans. Meng received this sum from the Bank. The deceased owed nothing. The administrator rendered no account.

After waiting more than four years the heirs obtained an order in February 1883 for the administrator to account within ten days. Personal service was made of the order, and the order was disobeyed. In May following, the heirs, suggesting this disobedience, obtained a rule on the administrator to show cause why he should not be punished for contempt, upon service of which he appeared, and the court did not punish him for contempt, but again allowed him ten days to file his account. He paid no more attention to this order than to the first, but on June 4th, filed sundry exceptions to the proceedings, and an answer pleading prescription, and averring that he took the administration only to serve the mother, and that after paying some costs he had loaned out the residue of the sum received from the savings bank, and the mother had regularly received the interest thereon. No account was offered.

Two days afterwards a second rule for contempt was issued, and this extracted from him a 'schedule' wherein the charges against the succession amount to $125.80 and a statement is made that the residue of $991.38 was invested by the instructions of the mother—these two sums aggregating the amount received from the savings bank. No vouchers were produced.

Oppositions were filed to this schedule (standing for an account) alleging that the administrator had received other sums belonging to the deceased, viz $500 cash found in his wardrobe, and $550 collected by the administrator from one Sarpy, the amount of a note due the deceased by the latter. The proof shewed that he had received them.

The administrator's commissions were also opposed as having been forfeited by mal-administration, and every other item for non-production of vouchers. The lower court rejected the item of forty dollars, cost of a visit of the administrator to New Orleans, allowed the other charges, increased the debit of the administrator by the sum of $1,050, and gave judgment in favour of the brother for three fourths of the sum

thus found to be due with ten per cent. interest, and dismissed the opposition of the mother with reservation of her right of action against Meng.

We shall reject the item of commissions, and allow the sums paid the lawyer, notary, appraisers, and clerk, which only aggregate $49.95, and terminate the controversy by giving the mother a judgment. The account is thus stated:—

| | |
|---|---:|
| Amount received by administrator from savings bank..................................... | $1,117 18 |
| Amount received by administrator cash and for note....................................... | 1,050 00 |
| | $2,167 18 |
| Deduct charges allowed..................... | 49 65 |
| | $2,117 23 |
| One fourth to mother...........................$ 529 30 | |
| Three fourths to brother........................ 1,587 93 | |
| | $2,117 23 |

It would break the force of this plain narrative to comment upon the administrator's concealment of the sum found in the deceased's armoir and that collected from his debtor—upon his persistent refusal to account to the court for anything—and upon his plea in defence that the heirs had mistaken their remedy, and should have brought a direct action against him. He has mistaken his duty, palpable and urgent as it was, to make a clean exhibit of what he knew he had received of the dead man's effects, and to make haste to deliver it to his heirs.

It appears from his own testimony that he has paid the mother interest up to and including 1881. Therefore

It is ordered and decreed that the judgment of the lower court in favour of Zephirin Lavergne be amended so that he have judgment against Denis Meng for fifteen hundred and eighty-seven dollars and ninety-three cents with ten per centum interest thereon from January 23, 1880. And it is further ordered and decreed that the judgment of the lower court dismissing the opposition of Adeline Lavergne is avoided and reversed, and it is now adjudged that she have and recover of Denis Meng five hundred and twenty-nine dollars and thirty cents with ten per centum interest thereon from January 1st, 1882, and that said Meng pay all costs in both courts.

Rehearing refused.