The opinion of the court was delivered by
Nicholls, O. J.
Relator avers that a judgment was rendered against her in the suit of C. Comeau vs. Gottlieb Miller and Mary J. Eischer (Widow Miller and A. Adler & Co. third opponents) in the District Court of Acadia, on the 16th June, 1893; that an appeal was granted to her, returnable on the first Monday of July, 1894, instead of the July term, 1893, as the transcript could not be prepared in time for the latter term. That she perfected the appeal by giving bond. That at the time of furnishing her bond she requested the clerk of the District Court to make out the transcript of the case during the summer months of 1893, and she has on many occasions since re *1290 quested him so to do. That in the month of June, 1894, she was urgent in her requests to have said transcript completed and delivered to her. That on the 22d June, 1894, she received by express the transcript, which was so confused and imperfect that she would not take the responsibility of filing it in the Supreme Court for fear of dismissal of her appeal. That through her attorney she has remonstrated with the clerk as to the informalities and imperfections of this transcript, made up at the eleventh hour, and exhibited to him the rules of the Supreme Court in regard to the preparation of transcripts. That should the record not be filed in the Supreme Court within the legal delays by reason of the district clerk failing to make a new transcript it would not be her fault. In view of the premises, she prayed for further time to bring up the record, for a restraining order suspending the execution of the judgment appealed from, and for a mandamus commanding the clerk of the District Court of Acadia to make a legal transcript of the pleadings filed, proceedings had, evidence adduced, judgment rendered and appeal granted, and bond of appeal in the above mentioned case, and for an order and rule to issue from this court commanding the clerk and the parties to the suit, to show cause why the prayers of relator’s petition should not be granted.
An alternative writ of mandamus, with a temporary restraining order, was granted upon this petition, without prejudice to the other side to move for a dismissal of the appeal.
On the first day of the present term the district clerk filed an answer or return in which, after denying generally all the allegations of the petition, he averred that the appeal referred to was made returnable to this court on the first Monday of July, 1894. That with his answer or return he presented to be filed, a full and complete transcript of all the documents filed, proceedings had, and evidence adduced in the above mentioned cause. He prayed that the writs asked for be denied at relator’s costs..
The court ordered the transcript to be filed without prejudice to ihe right of appellees to move for a dismissal of appeal in the main suit. The district clerk having filed a transcript with his return there is no occasion for a writ of mandamus to issue. Relator, however, insists that the costs of the present application should be cast upon the clerk.
Article 585 of the Oode, of Practice declares, that “ after' the *1291 appeal is allowed and the surety given, the clerk of the court from whose judgment the appeal is taken, shall make a transcript of all the proceedings, as well as of all documents filed in the suit, and annex to the same the petition of appeal in order that it may be delivered to the appellee when demanded.”
The appellant has the right at any moment after the appeal has been perfected, to call upon the clerk to make out and deliver to him the transcript referred to, and it is the duty of the latter to comply within a reasonable time thereafter with the demand so made. He is not justified in postponing to the last moment the making out and delivering of the record. It is the duty of the appellant, not the clerk, to file the transcript in the appellate court. C. P. 587.
Article 780 of the Oode of Practice declares that if any clerk shall neglect, fail or refuse to issue any copy, paper, citation, writ, or other process, when so required to do so by any party, or their counsel, authorized to require such service, who has made the proper deposit and complied with the requirements of law authorizing them to require such service from the clerk, such clerk shall, on such facts being brought to the attention of the court in writing, sworn to by the party making it, which shall be served with the order made thereon by the clerk fixing the time for trial thereof, not exceeding two days from the date of the order, be brought to trial, which trial shall be summary without a jury, and if such clerk shall be found guilty of the charge he shall be considered in contempt of court, and be fined in a sum not exceeding one hundred dollars, or imprisoned not exceeding thirty days, or suspended from office, either one or all, and the clerk and his securities on his official bond shall be responsible to any party for any damage that may result from his failure, refusal or neglect to perform any duty required of him by law.
The next article (Art. 781) declares that if any clerk of court fails to comply with any legal formality in issuing citations, petitions, or other process, or if the same be not a true copy or legal in form or substance, no fee shall be charged by the clerk for issuing any such copy or process.
In addition to the protection given to litigants through the above provisions of the law, the clerk may be compelled in proper cases, by writ of mandamus, to fulfil any of the duties of his office which may be legally required of him.
*1292 If in the case at bar the clerk of the District Court, after having been asked to make out a transcript of appeal by the appellant, failed to do so in a reasonable time, appellant could unquestionably have forced him to do so by mandamus; but if before such remedy was resorted to the clerk, who had been before in default, complied (though tardily) with his duty, it was too late to have recourse to that particular proceeding. In the case before us, assuming that the clerk failed to have made out the transcript within the time in which it should have been made, he none the less, before relator took action in the matter, tendered the relator a record of the case. Relator says that she would not receive it on account of its utter insufficiency, which might endanger her appeal, and that she would be held responsible for filing such a record.
We think appellant should have received and filed the transcript herself. If there were defects in the transcript, she could have saved herself from any damages in the premises by easy and familiar methods. It would not be proper for us on an application for a mandamus to enter into an examination as to whether a record which had been tendered by the clerk of court as a correct and proper transcript was such or not. Questions as to the sufficiency of the transcript would have to be raised and determined under different circumstances and conditions. Finding, by relator’s pleadings, that, prior to the petition herein, the clerk of the court had tendered to her what he claimed to be a proper transcript in the case, which relator declined to receive; finding that upon being ordered by this court to make a legal transcript in the matter of the suit referred to •on the first day of the present term, or show cause to the contrary, he had, on the day named, filed what he declares to be such a transcript as was ordered, we are of the opinion, as we have said, that there is no occasion for issuing the writ of mandamus asked for and it is hereby refused at relator’s costs.