On Motion to Dismiss Appeal.
The opinion of the court was delivered by
Watkins, J.
Defendant and appellee moves to dismiss the plaintiff’s suspensive appeal, because the surety on the appeal bond, the American Surety Company, of New York, a foreign corporation, “ is *1322 insufficient in law ” because said company became surety under and by virtue of Act 41 of 1894, entitled “An act to authorize certain corporations to become sureties upon bonds,” etc., and which is unconstitutional and void in certain particulars.
And said appellee moves to dismiss plaintiff’s devolutive appeal, for the reason that the suspensive and devolutive appeals herein were perfected on the same date by two separate appeal bonds, and that appellants are without warrant in law to bring up in one transcript two appeals taken in the alternative.
The record shows that on the 20th of June, 1895, plaintiff’s counsel, in open court, obtained from the judge an order of “ suspensive and devolutive appeal ” upon the plaintiff “ giving bond as fixed by law for a suspensive appeal, and in the sum of one hundred dollars for the devolutive appeal.”
Thereafter, the plaintiff furnished to the Clerk of the Court two separate bonds of appeal — one devolutive and the other suspensive— bearing same date of execution and approval, in exact conformity "with the order of appeal.
We entertain no doubt of the validity of the two appeals, though granted in one order by the court — the judge having granted both the suspensive and devolutive appeals. It is of no consequence that the appellant executed, contemporaneously, two appeal bonds. It was the better practice to thus preserve the identity and duality of the appeal. The order of court is the foundation of the appeal. Only •one transcript is necessary, there being but one decree. Succession of Touzanne, 36 An. 420.
On the second ground of the motion counsel’s argument is, that, as matter of law, a corporation can not become surety on an appeal bond, not possessing the essential faculty of a judicial surety in the sense of the Code; and that the statute declaring a corporation to be •a competent surety is unconstitutional and void, and that plaintiff’s appeal must be dismissed for the want of a competent surety.
A judicial surety must possess the qualifications required by R. C. C. 3041 — that is to say, he must be “ a person able to contract.” R. C. C. 3064.
The Code also declares'“ that a corporation is an intellectual body created by law,” etc. R. C. C. 427.
. “ Corporations are intellectual beings different and distinct from nil the persons who compose them.” R. C. C. 435.
*1323 Ib declares further that “ corporations legally established are substituted for persons * * * they can make valid contracts and .obligate others, and obligate themselves toward others,” etc. R. C. C. 433.
It does not readily appear that the Code, by the use of the term persons, has necessarily excluded corporations from the privilege of making a binding contract of suretyship, if the same be permitted by the terms of their charters.
With regard to the domicile of the judicial surety, fhe Oode says:
“When surety is tendered of persons residing out of the parish, the judge alone shall pass on the sufficiency thereof,” etc. R. C. C. 3042.
And it further declares that “all actions against the sureties ■aforesaid may be instituted in the court having original jurisdiction of the subject matter; and the parties thereto, when legally cited, sh?ll be subject to the jurisdiction of such court.” Id.
There is, therefore, no serious question as to the domicile of the .surety, and none as to the solvency.
(a) The charge of uneonstitutionality of the law is, that—
1. The object of the act being to amend the articles of the Code -relative to the qualifications of sureties on judicial bonds, it contravenes Art. 29 of the Constitution, which declares that “every law •* * * shall embrace but one object, and that be expressed in its .title.”
The title of the statute is as follows, viz.:
“An act to authorize certain corporations to become surety upon bonds required to be furnished by law,” etc.
This title indicates that the statute following will make provision •for certain corporations to become judicial sureties, and such provisions may operate as an amendment of the Civil Oode in that respect; but we think the enactment of a statute, such as the title imports, comes clearly within the competency of the Legislature.
On the subject “ of repeal of laws” the Code says:
“Laws may be repealed either entirely or partially by other laws” (R. C. C. 2).
“ The repeal is either express or implied. It is express when it -is literally declared by a subsequent law; it is implied when the law .contains provisions contrary to or irreconcilable with those of the former law” (R. C. C. 23).
*1324 That is the apparent result of the enactment in question if, as the defendant’s contention is, the Code precludes a corporation from becoming a judicial surety.
In our opinion the title of the act clearly states the object of the law.
(6) The second charge of unconstitutionality is that the act contravenes Art. 46 of the Constitution, in that it grants the privilege of becoming surety to certain kinds of corporations exclusively, and excludes all others therefrom; the argument of defendant’s counsel being “ that this is special legislation purporting to give exclusive privileges to a particular group of corporations, which are prohibited to all corporations not within that particular group.”
Counsel, then, in the elaboration of the foregoing objection, submits :
“Moreover, Act 41 of 1894 especially grants to foreign guarantee corporations having no property within this State the capacity of suretyship, which is enjoyed neither by other corporations in the State nor by private citizens; even a home guarantee corporation is not admitted to suretyship unless it has on deposit with the State Auditor of Public Accounts assets worth one hundred thousand dollars, nor can private citizens be admitted to suretyship on legal bonds unless they have property within the State. Indeed, this statute attempts as rank a preference as did that of the California Legislature, referred to by Judge Cooley, which, under pretence of enacting a Sunday law, forbade bakers to bake bread on Sunday.” Cooley’s Const. Lim., 154 N.; Ex parte Westerfield, 55 Cal. 550; 36 Am. Rep. 47.
Article 46 of the Constitution declares that the General Assembly “ shall not pass any local or special law” upon the following subjects; and one among the number is that of “granting to any corporation, association or individual, any special or exclusive right, privilege or immunity.”
But the act in question is not a local or special law.
It declares “ that hereafter any corporation duly incorporated under the laws of this or any other State of the United States for the purpose of transacting the business of guarateeing the fidelity of persons holding places of public or private trust; guaranteeing the performance of contracts other than in insurance policies and executing and guaranteeing bonds, or undertakings required, or permitted in actions or proceedings by law allowed,” etc.
*1325 It is a general law upon a particuliar subject and embraces corporations which have organized with a view to that subject.
This objection is not well grounded.
The next objection is that the statute contravenes the two hundred and thirty-fifth article of the Constitution, which provides that “the exercise of the police power of the State shall never be abridged, nor so construed as to permit corporations to conduct their business in such a manner as to infringe the equal rights of individuals or the general well being of the State.”
The argument of counsel on this proposition is unique, but, in our conception, it is unsound.
We quote the following from their brief (pp. 9 and 10), to-wit:
“ The police power of the State is an attribute of the widest reach, and all attempts to circumscribe it by definitions and formuUe have failed. It embraces not only governmental acts which bear upon the lives, liberties, health and good order of the governed, but also all such as affect the value, security, availability and use of the property of individuals. An exercise of the power in this latter sense; or its legislative construction by enactment, which has the effect of permitting corporations to conduct their business in such a manner as to infringe the equal rights of individuals to the possession, security and utility of their property, is obnoxious to the article of the Constitution.
“ A definitive judgment is undoubtedly property to him in whose favor it is given, as well as the availability, security and control of the judgment. It is the equal right of individuals to have this property protected and secured by the suretyship of a man or woman residing within the jurisdiction of the court granting the judgment and having sufficient property within the State, whenever the control and use and enforcement of the judgment are arrested by suspensive appeal (R. C. C., Art. 3042; C. P., Art. 575).
“The Act of 1894 permits guarantee corporations so to conduct their business as to infringe this equal right of individuals, since it admits them to legal suretyship, though they be neither men nor women, and they be neither domiciled in the State nor own property therein; and the individual whose judgment is arrested by such suretyship suffers an infringement of the equal rights of all individuals, in such circumstances, to the benefit of security domestic both as to person and property.”
*1326 We fail to discover anything in the statute which trenches, or purports to trench, upon the police power of the State; nor is it clearly pointed out in what manner the statute permits the corporations therein mentioned to so conduct their business as to infringe the equal rights of other corporations or individuals.
We understand that the defendant and appellee, as well as every other litigant, has the right to require that a surety shall possess property situated within the State to satisfy the exigencies of the case; but the law does not require that he shall reside in any specified locality. For the moment the person who, or corporation which, becomes surety signs the judicial obligation, he submits himself to the jurisdiction of that court pro hao vice. R. C. C. 3042.
Hence there is no foundation for this charge of unconstitutionality of the law, in this respect.
We have examined the grounds of the motion to dismiss with care, and have reached the conclusion that they are not well taken.
Therefore the motion to dismiss appeal is overruled.