Statement of the Case.
NICHOLLS, C. J.
Upon the petition and relation of the sheriff, ex officio tax collector, Marion L. Swords, for the parish of St. Landry, and William J. Sandoz, the attorney appointed by the Governor to aid and assist the tax collector in the collection of licenses, Henry E. Estorge, clerk of the Sixteenth Judicial District court, for the parish, of St. Landry, was ruled to show cause why he should not make, perfect, and deliver to relators a transcript of the record in the cause entitled, “M. L. Swords, Sheriff and Ex Officio Tax Collector, v. John O. Le Blanc,” of the docket of that court, without payment of his cost or costs therefor.
Relators alleged that the said suit of Swords, Tax Collector, v. Le Blanc, was a suit for the recovery of a state and parish license, attorney’s fees, and penalties averred to be owing by the defendant, Le Blanc; that the suit resulted in a judgment in favor of the defendant, and that plaintiffs obtained an order for a suspensive appeal therefrom to the Supreme Court, returnable on the 12th of May, 1903; that the clerk of the district court refused to complete and deliver to relators the transcript of said record, in order to perfect the appeal, unless the cost of the making of the transcript was paid to him on delivery thereof; that this refusal was unwarranted, illegal, and arbitrary, as the clerk had'no right to demand or obtain fees of office for services rendered to the state and parish until the state and parish tax collector shall have collected the licenses and penalties claimed and demanded in said suit, under the provisions of paragraph 2 of section 26 of Act No. 171, p. 420, of 1898, of Act No. 119, p. 167, of 1882, and Act No. 98, p. 123, of 1S98.
On the 9th of May, 1903, the clerk filed in this court an answer to the alternative writ served on him, in which he declared that he returned into court the transcript in the cause; that he recognized the right of the state to prosecute the cause without payment of the costs, in the event judgment be not rendered in favor of the state, but denied that such exemption applied to the parish of St. Landry; and that he refused to deliver said transcript in behalf of the parish until the cost of making the transcript was paid.
The answer contained no denial of the facts alleged by the relators.
The clerk having, before a hearing upon this application, filed in this court the transcript, whose filing it was the object of the proceeding to secure, there is no occasion for making peremptory the mandamus asked for; but his refusal, when applied to, to deliver the transcript to the relators, on the ground *482 assigned, was without warrant of law, and made the present application necessary, in order to preserve the rights of the state.
Opinion.
Expressing no opinion as to whether the transcript should have been delivered to the proper representatives of the parish, had the suit been one exclusively on behalf of the parish, it is clear that the fact that the suit was one in which the state and parish were jointly interested did not justify the withholding of the transcript from the state authorities. The sheriff and tax collector represented in the suit both the state and the parish. There was but one decree rendered in the case, and, when it was appealed from, the sheriff and tax collector had the right to obtain the transcript, even if the effect of filing the transcript in the Supreme Court would inure to the benefit of the parish. Succession of Touzaine, 36 La. Ann. 420; State ex rel. Comeau v. Clerk of the Fourteenth District Court, 46 La. Ann. 1289, 16 South. 207.
For the reasons herein assigned, it is hereby ordered and decreed that the writ applied for be not issued, that the orders hereinbefore given be withdrawn, and that this application be discharged, but that the clerk of the district court, respondent herein, pay the costs of these proceedings.