On Motion to Dismiss Appeals.
 

 ROGERS, J.
 

 The motion to dismiss is directed against three appeals taken from the judgment homologating the final account of the receiver of the defendant Hercules Oil Company, Inc. The appeals are by Joseph C. Copping, individually and as president of the defendant company, and Paul W. Maloney, whose oppositions to the • account were dismissed by the court below.
 

 The appellee urges the dismissal of the appeals on the following grounds, viz.:
 

 1. That the appeal bonds are insufficient in amount.
 

 2. That the transcript filed by the appellants is, in effect, no transcript at all, because the appeals were not brought up to this court in separate transcripts.
 

 3. That the filing of a joint transcript by the appellants instead of three separate transcripts is equivalent to the abandonment of the appeals.
 

 4. That the opposition filed by Joseph C. Copping, as president of the defendant company, and the appeal from the judgment thereon are void for lack of authority on his part to represent the company.
 

 5. That without warrant in law the appellants filed their transcript under a number covering a pending appeal; hence there is no legal transcript on behalf of appellants before this court.
 

 We do not find that any of the grounds urged by the appellee is sufficient to cause us to dismiss the appeals.
 

 The first ground of appellee’s motion is governed by Act 112 of 1916. According to the statutory provisions, an appeal should not be dismissed where the bond is insufficient in amount, unless the appellant has been placed in default in the court of original jurisdiction in the manner therein provided. It is not pretended that this was done in this case; hence it is too late for the appellee to urge the objection in this court. Carter v. Aetna Casualty & Surety Co., 165 La. 478, 115 So. 662 ; Grant v. Succession of Grant, 159 La. 535, 105 So. 611.
 

 The second and third grounds of appellee’s motion involve the same contention, and may therefore be considered and disposed of together. The answer to the contention is to be found in the settled jurisprudence of the state, under which the general rule is that, where there are different appellants in the same case, their appeals may be embraced in one transcript, which can be filed by either one of them, without incurring the
 
 *360
 
 penalty ofr dismissal. State ex rel. Swords v. Estorge, 110 La. 481, 34 So. 643 ; Standard Cotton Seed Oil Co. v. Matheson, 48 La. Ann. 1321, 20 So. 713 ; Succession of Touzanne, 36 La. Ann. 420; Baham v. Langfield, 16 La. Ann. 156; McGregor v. Barker, 12 La. Ann. 289.
 

 The
 
 appeal is not by a third party claiming an interest, but by a party litigant cast, in the judgment appealed from. Therefore, the fourth ground of appellee’s motion means nothing more than that the appeal is without merit. But even if an appeal be purely .frivolous, the appellee’s remedy is to be had in the affirmance of the judgment when the appeal is heard on the merits, and not by its dismissal on motion. Cochran v. La. State Board of Education, 168 La. 1030, 123 So. 664 ; Borden v. La. State Board of Education, 168 La. 1005, 123 So. 655.
 

 Under the fifth and last ground of his motion the appellee objects to the consolidation of certain appeals contained in four transcripts which have been filed in this court under the number and title set forth in the caption hereof. An examination of the transcripts discloses that the judgments appealed from were rendered in the same case — the proceedings of the receivership of the Hercules Oil Company, Inc. The appellants and the appellee are the same in each of the appeals except in the last one taken, in which Paul W. Maloney appears as an additional appellant. The first appeal is from a judgment dismissing the appellants’ opposition to the appellee’s petition for a sale of the company’s property. The second appeal is from a judgment dismissing a rule taken by appellants for the rescission of the adjudication made under the order of sale. The third appeal is from a judgment dismissing the appellants’ opposition to the application of the appellee for the approval and confirmation of the sale in question; and the fourth appeal is from a judgment dismissing appellants’ oppositions to the final account of the appellee, under which he proposes to distribute the proceeds arising from the sale of the company’s property. Erom this recital of the subject-matter of the appeals it is plain that they.all tend to .one result — the determination of the validity of the sale by the receiver of the company’s property and of the correctness of his proposed distribution of the proceeds of that sale. The questions involved are intimately connected, and for the interest and convenience of all parties concerned we think the appeals should be heard and disposed of at one and the same hearing. For this purpose they are properly consolidated in this court under the same number. We know of no law or principle, and have been referred to none, which forbids this method of procedure. Nor can we conceive of any injury the appellee may suffer by reason of the consideration and disposition by this court of all the appeals simultaneously.
 

 For the reasons assigned, the motion to dismiss the appeals herein is overruled.