## No. 1181.

### WILLIAM H. THOMAS VS. U. A. GUILBEAU, SHERIFF, ET ALS.

A motion to dismiss an appeal cannot be predicated upon a charge that the appeal is frivolous. Damages claimed because an appeal is frivolous cannot be allowed in a motion to dismiss.

Claims of homestead exemptions, affecting debts and contracts which existed previous to the adoption of the Constitution of 1879, must be controlled by the legislation in force at the time that the contract was entered into.

Homestead rights existing under the Act of 1865 cannot be affected by the provisions of the present Constitution, or of any laws passed in pursuance thereof. Affirming Poole vs. Cook, 34 An. 331; Gilmer vs. O'Neal, 32 An. 980.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Fontelieu*, J.

*Mouton & Martin* for Plaintiff and Appellee:

1.  Homestead rights arising under prior laws are unaffected by the Constitution of 1879, and must be construed as if that Constitution had never been adopted. Const. Art. 220. Mills vs. Sheriff, 25 An. 336; Roupe vs. Caradine, 20 An. 244; Gilmer vs. O'Neal, 32 An. 980; Poole vs. Cooke, 34 An. 331.

2.  A debtor by judgment concluded on a mortgage debt created and contracted in 1877, having a wife and three children actually dependent on him for support, is entitled to the homestead and exemptions provided by law of 1865. R. S. 1691.

*Edward Simon* and *Henry Denis* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J.　This case involves a homestead exemption which plaintiff claims out of the seizure of his property in execution of a judgment rendered against him in favor of the Hope Insurance Company of New Orleans.

The judgment, which was rendered in May, 1880, recognized and enforced a mortgage granted by the plaintiff in June, 1877, which affected his farm containing about one thousand acres of land, together with the improvements and other appurtenances thereto belonging. Plaintiff enjoined the sale of a portion of the farm, on which his house of residence and other buildings were situated, containing 160 acres, together with working animals and farming implements, which he claimed as his homestead and which he values at $1,965.

The seizure progressed as to the remainder of the lands, which were sold in due course and realized the sum of $2,250, paid over to the seizing creditor.

This appeal is taken by the defendants from a judgment recognizing plaintiff's homestead as claimed by him.

The evidence shows conclusively that plaintiff combines all the conditions prescribed by the Homestead Act of 1865, to entitle him to the exemption which he claims under that legislation, and that the property which he seeks to exempt does not exceed in value two thousand dollars.

Defendants' only contention on that score involves the value of the lands which they represent to be worth from twenty to twenty-five dollars an acre, while plaintiff values them at five or six dollars. But it appears from the evidence, that the residue of the lands were sold under execution for less than three dollars an acre. Admitting the superior quality and greater value of the portion exempted, it is clear to our minds, from that circumstance and from the testimony of competent and uncontradicted witnesses, that these lands are fairly valued at five dollars an acre.

The most serious contention of the defendants is, that plaintiff's

Thomas vs. Guilbeau et als.

right to the homestead which he claims must be tested under the provisions of the Constitution of 1879, and of the Act of 1880, adopted in pursuance thereof, on the subject of homestead exemptions.

Their argument rests on the ground, that the judgment which they are endeavoring to execute was rendered in May, 1880, since the adoption of the present Constitution, and that their debtor registered his claim to a homestead in October, 1880, subsequent to the seizure of his farm under the writ which is herein partially enjoined.

They are in error in both of their propositions. The debt which they seek to enforce was not created by the judgment of October, 1880, which conferred no new rights, but merely recognized rights and obligations which were created by the act of Mortgage of June 26th, 1877. Hence, the contract from which plaintiff's obligation sprung was made and entered into in 1877, and all homestead rights affecting the same must be governed by the laws then in force. The fact, as shown by the record, that plaintiff attempted by his recorded declaration of October 20th, 1880, to fortify his homestead claim by a compliance with the provisions of the Act of 1880, cannot alter the case, and cannot impair the rights which he had under the Act of 1865.   (R. S. 1691.)

The Constitution itself provides that: "rights to homesteads or exemptions, under laws or contracts; or for debts existing at the time of the adoption of this Constitution, shall not be impaired, repealed or affected by any provision of this Constitution, or any laws passed in pursuance thereof."

This Court has had occasion to apply this unambiguous reservation, and has held, that homesteads affecting contracts which had been entered into previous to the adoption of the Constitution, must be controlled and governed by the provisions of the Act of 1865, precisely as if the present Constitution had never been adopted.   Gilmer vs. O'Neal, Sheriff, 32 An. 980 ; Poole vs. Cook et al., 34 An. 332.

The homestead legislation of 1865 required no registry of homestead exemptions, and no such requirement can be invoked to affect the claim of plaintiff in the present case. Hence, his registered declaration has no weight or effect, either for or against him in the determination of his rights under his pleadings, which contain no reference to such registration. There is no error in the judgment which perpetuated his injunction.

In a motion which his counsel erroneously treat and style as a motion to dismiss this appeal, they urge that this appeal is frivolous, and presents no serious defense; hence, they pray for damages in the sum of one hundred dollars. Believing that appealants' error is honest,

117

and that it was in a measure superinduced by plaintiff's own error in registering his homestead claim, and considering that plaintiff's motion is contradictory in asking the dismissal of an appeal, and in praying for damages which could be granted only after an examination into the merits of the appeal, we shall allow no damages.

Judgment affirmed.