(109 So. 402)

No. 27018.

**Succession of DAMICO.**

(March 30, 1925.)

*(Syllabus by Editorial Staff.)*

I. **Appeal and error** ⬤⟹803.

To "dismiss an appeal" is to refuse to entertain it.

2. **Appeal and error** ⬤⟹358—In civil cases, an appeal lies of right from all final judgments or from such interlocutory judgments as may cause irreparable injury (Code Prac. arts. 546, 565–567, 574, 575, 578, 580, 587, 593; Const. 1921, art. 7, §§ 29, 48).

In absence of grounds for dismissing an appeal prescribed by Code Prac. arts. 546, 567, 574, 587, 593, in civil cases, an appeal lies of right from all final judgments and also from such interlocutory judgments as may cause irreparable injury, in view of articles 565, 566, 575, 578, and 580, except as provided by Const. 1921, art. 7, §§ 29, 48.

3. **Appeal and error** ⬤⟹363.

Where an appeal lies, it must be granted, and cannot be denied under claim that it is frivolous or taken for delay or to abuse right of appeal.

4. **Appeal and error** ⬤⟹786.

Remedy for frivolous appeal is not dismissal, but affirmance of judgment, when appeal is heard and found to be without merit.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

In the matter of the succession of Jake Damico. From the judgment, an appeal was taken. On motion to dismiss appeal. Motion denied.

See, also, 150 La. 888, 91 So. 286.

Theodore Cotonio, of New Orleans, for appellant.

Michel Provosty, of New Orleans, for appellee.

St. PAUL, J. This case was here before under No. 25327 of our docket (Succession of Damico, 155 La. 1036, 99 So. 862).

Thereupon we held:

"In a contest for administration of decedent's succession between heirs and alleged widow, who had been divorced from a former husband for adultery with T., it was error to exclude evidence that decedent and T. were the same person; Civ. Code, art. 161, prohibiting guilty party in divorce from marrying accomplice."

And again:

"In a contest for administration between decedent's widow and his heirs, evidence that the widow had property of decedent in her possession, which immediately after decedent's death disappeared, was admissible to show that the widow was not entitled to administration in preference to another heir, in view of Civ. Code, art. 1043."

And the case was therefore remanded for the admission of the evidence thus excluded.

I.

Again there was judgment below for the widow, and again the heirs have appealed.

The widow now moves to dismiss the appeal on the ground that same is *frivolous*, and has been taken *merely for delay*, because

(it is alleged) the heirs offered no proof whatever in support of their charges, whilst the evidence adduced by the widow (it is alleged) shows conclusively that the charges are wholly unfounded.

## II.

[1] To dismiss an appeal is to refuse to entertain it. An appellate court may refuse to entertain an appeal (1) when it has no appellate jurisdiction therein; (2) when the appeal was not taken or perfected in time; (3) when the judgment below has been confessed or consented to; (4) when said judgment has been acquiesced in by voluntary execution thereof; (5) when the terms upon which the appeal has been 'granted (as to bond, etc.) have not been complied with; (6) when there is no appeal for want of an order granting an appeal; and (7) when the judgment, if definitive, has not been made executory by the signing thereof. Code Prac. arts. 546, 567, 574, 587, 593.

[2] But otherwise, in civil cases, an appeal lies *of right* (generally suspensive, though sometimes only devolutive) from *all* final judgments, and also from such interlocutory judgments as may cause irreparable injury (Code Prac. arts. 565, 566, 575, 578, 580), except in cases tried before a district court, in the country parishes, involving $100 or less (Const. 1921, art. 7, §§ 29, 48, pp. 46, 51).

[3] And in all cases where an appeal lies, such appeal *must* be granted, and cannot be denied because it is said to be frivolous, or taken merely for delay, or only "to abuse the right of appeal." State ex rel. Duffard v. Recorder, 45 La. Ann. 1299, 14 So. 66.

## III.

[4] The remedy for an alleged frivolous appeal is, therefore, not the dismissal of the appeal, but *the affirmance of the judgment appealed from* when the appeal is heard in due course and actually found to be without merit.

Decree.

The motion to dismiss is therefore denied. Cause dismissed, June 4, 1926, by agreement of counsel.