On Motion to-Dismiss.
 

 OVERTON, J.
 

 Prank Pavelka, the husband of the deceased, Veronica Pavelka, is the appellant from a certain judgment rendered in this cause against him and in favor of Caroline Repak, the daughter of the deceased by a prior marriage. Caroline Repak, the appellee, has moved to dismiss the appeal. The motion for dismissal, in so far as it is necessary to quote it to show the grounds therefor, reads as follows:
 

 “On motion of L. H. Gosserand, counsel for appellee, Mrs. Caroline Repak, and on suggesting to the court that on the face of the papers the appeal herein taken is frivolous, and should be dismissed for the following reasons, to wit:
 

 “(1) That it is an appeal from a judgment sending a child and forced heir into possession of the property belonging to the mother who died intestate, on the ground that appellant, the widower of deceased, is entitled to inherit to the exclusion of said forced heir, appellee herein.
 

 “(2) That the purpose of appellant herein is to harass the appellee, delay and retard the proper procedure of the court, and deprive the appellee and heir of possession of the property which, under the law, belongs to her.”
 

 From the foregoing it appears that the grounds for dismissing the appeal are that the appeal is frivolous, and was taken for delay and to harass the appellee. A motion to dismiss an appeal cannot be based upon the ground that the appeal is frivolous. This is so, because to determine whether the appeal is frivolous requires an examination into, and a decision on, the merits of the appeal. Such examination and decision can be made properly only after the appeal has been heard, in due course, on its merits., Reiners v. St. Ceran, 27 La. Ann. 112; Baker v. Frellsen, 32 La. Ann. 822; Succession of Baumgarden, 35 La. Ann. 675; Thomas v. Guilbeau, 35 La. Ann. 927; Pasley v. McConnell, 39 La. Ann. 1097, 3 So. 484, 485; John Barkley & Co. v. Ham & Seymour, 157 La. 874, 103 So. 245; Succession of Jake Damico (No. 27018) ante, p. 725, 109 So. 402; Keen & Woolf v. Caldwell (No. 25767) ante, p. 150, 108 So. 318. Nor can a motion to dismiss an appeal be predicated upon the ground that the appeal was taken, and is being prosecuted, to obtain delay and to harass the appellee. State ex reL Duffard v. Whitaker, Recorder; 45 La. Ann. 1299, 14 So. 66; Succession of Damico, supra.
 

 Appellee has included, in her motion to dismiss, a demand against the appellant for IQ per cent, damages for the taking of a frivolous appeal. Such a demand has no place in a motion to dismiss an appeal, and, in reality, is inconsistent therewith. Its only proper place is in the answer to the appeal. Code of Practice, arts. 887, 907; Thomas v. Guilbeau, supra.
 

 For the reasons assigned, the motion to dismiss is denied, reserving to appellee the right to ask for damages for a frivolous appeal, in her answer, if she deems proper.