(123 So. 664)

No. 29579.

**COCHRAN et al. v. LOUISIANA STATE BOARD OF EDUCATION et al.**

On Motion to Dismiss Nov. 26, 1928. On the Merits June 17, 1929. Rehearing Denied July 8, 1929.

Galloway & Johnson, of Shreveport, for appellants.

Percy Saint, Atty. Gen., Peyton R. Sandoz, Asst. Atty. Gen., White, Holloman & White, of Alexandria, and Burke & Smith, of New Iberia, for appellees.

Eberhard P. Deutsch, of New Orleans, amicus curiæ.

ST. PAUL, J. ■ This is an appeal by plaintiffs from a judgment recalling a rule nisi and rejecting plaintiffs' demand for an injunction. Defendants move to dismiss the appeal on the ground that the issues have already been finally decided against plaintiff, to wit, when this court denied plaintiffs' application for a mandamus to compel the trial judge to issue the injunction prayed for. See our No. 29557.

The motion to dismiss must be denied. It has been held that the action of this court upon an application for a mandamus, under the supervisory jurisdiction, to compel a trial judge to issue an injunction, is not res judicata between the parties in an appeal taken from the judgment refusing said injunction; and that such action by this court was no ground for dismissal of said appeal. Soniat v. White, 155 La. 290, 99 So. 223.

■ Moreover, it is clear that a motion to dismiss based on such grounds amounts to this: That said appeal is without merit. But even if an appeal be purely frivolous, that is no ground for dismissing it. "The remedy for an alleged frivolous appeal is, therefore, not the dismissal of the appeal, but the affirmance of the judgment appealed from when the appeal is heard in due course and actually found to be without merit." Succession of Damico, 161 La. 725, 109 So. 402. And "this is so, because to determine whether the appeal is frivolous requires an examination into, and a decision on, the merits of the appeal." Succession of Pavelka, 161 La. 728, 109 So. 403, and authorities. Cf. Twomey v. Papalia, 142 La. 624, 77 So. 479.

The motion to dismiss is therefore denied.

LAND, J., concurs in decree.

### On the Merits.

OVERTON, J. The issues presented in this case are the same, in all essential respects, as those this day decided in the case of Silas P. Borden et al. (No. 29,569 of the docket of this court), ante, p. 1005, 123 So. 655; the only difference between the two cases being that plaintiffs, besides suing as citizens and taxpayers, are also suing as patrons of the public schools.

For the reasons given in the case of Silas P. Borden et al. v. Louisiana State Board of Education, the judgment of the trial court, refusing to issue the injunction, is affirmed.

·O'NIELL, C. J., dissents.

ROGERS, J., concurs in the opinion overruling exception of no right of action, otherwise dissents.

THOMPSON, J., concurs in opinion overruling exception of no right of action and otherwise dissents, and concurs in dissenting opinion of Mr. Justice ROGERS.