ROGERS, J.
 

 Plaintiffs, 17 in number, as citizens and taxpayers, instituted this suit in the district court for the parish of East Baton Rouge for the purpose of obtaining the annulment, on the ground of their unconstitutionality, of certain provisions of Act No. 100 of 1928, commonly known as “The Free Text-Book Act,” and of Act No. 143 of 1928, appropriating the necessary funds for the purchase of the text-books. The defendants are the state board of education, state superintendent of public education, state auditor, and state treasurer. In their suit, plaintiffs also seek to enjoin the defendants from providing free school books out of the severance tax and from taking any other
 
 *1012
 
 action whatever under the provisions of the statutes.
 

 After a hearing on a rule nisi, the court below refused a preliminary injunction on the ground that plaintiffs’ petition did not disclose any right or cause of action. Thereupon, plaintiffs applied to this court for writs of certiorari and mandamus, and their application was denied. (Docket No. 29, 540.) They also appealed devolutively from the judgment, and the transcript was subsequently lodged in this court.
 

 The defendants have moved to dismiss the appeal on the ground that the order heretofore rendered by the court denying plaintiffs’-application for the, remedial writs constitutes, in effect, res judicata between the parties.
 

 But the plaintiffs invoked our supervisory jurisdiction solely to preserve the status quo pending their appeal, a remedy which the court below was powerless to grant. The only question that was before us for decision under the application was whether the relators were entitled to a mandamus compelling the judge of the district court to issue a preliminary injunction. What we said in refusing to grant the mandamus has not deprived plaintiffs of their right of appeal from the judgment which, in effect, dismissed their suit. Act No. 29 of 1924, § 5; Soniat v. White, 155 La. 290, 99 So. 223. The right of the plaintiffs to maintain the action, being a matter determined by the judgment appealed from, cannot be disposed of on a motion to dismiss their appeal. Twomey v. Papalia, 142 La. 621, 77 So. 479. Even in the case of a purely frivolous appeal, the appropriate remedy is not to be found in its dismissal, but in the affirmance of the judgment when the appeal is heard on the merits. Succession of Damico, 161 La. 725, 109 So. 402; Succession of Pavelka, 161 La. 728, 109 So. 403.
 

 For the reasons assigned, the motion to dismiss the appeal herein is denied.
 

 LAND, .T., concurs in decree.