## COCHRAN ET AL. v. LOUISIANA STATE BOARD OF EDUCATION ET AL.

No. 468.   Argued April 15, 1930.—Decided April 28, 1930.

*Mr. Challen B. Ellis,* with whom *Messrs. Wade H. Ellis, Daniel C. Roper, W. D. Jamieson, Herbert S. Ward, James U. Galloway,* and *Nash Johnson* were on the brief, for appellants.

*Messrs. Percy Saint,* Attorney General of Louisiana, *Peyton R. Sandoz,* Assistant Attorney General, *H. H. White* and *Walter J. Burke* were on the brief for appellees.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The appellants, as citizens and taxpayers of the State of Louisiana, brought this suit to restrain the State Board of Education and other state officials from expending any part of the severance tax fund in purchasing school books and in supplying them free of cost to the school children of the State, under Acts No. 100 and No. 143 of 1928, upon the ground that the legislation violated specified provisions of the constitution of the State and also section 4 of Article IV and the Fourteenth Amendment of the Federal Constitution. The Supreme Court of the State affirmed the judgment of the trial court, which refused to issue an injunction. 168 La. 1030.

Act No. 100 of 1928 provided that the severance tax fund of the State, after allowing funds and appropriations as required by the state constitution, should be devoted "first, to supplying school books to the school children of the State." The Board of Education was directed to provide "school books for school children free of cost to such children." Act No. 143 of 1928 made appropriations in accordance with the above provisions.

The Supreme Court of the State, following its decision in *Borden* v. *Louisiana State Board of Education,* 168 La. 1005, held that these acts were not repugnant to either the state or the Federal Constitution.

No substantial Federal question is presented under section 4 of Article IV of the Federal Constitution guaranteeing to every State a republican form of government, as questions arising under this provision are political, not judicial, in character. *State of Ohio ex rel. Bryant* v. *Akron Metropolitan Park District, ante,* p. 74, and cases there cited.

The contention of the appellant under the Fourteenth Amendment is that taxation for the purchase of school books constituted a taking of private property for a private purpose. *Loan Association* v. *Topeka,* 20 Wall. 655. The purpose is said to be to aid private, religious, sectarian, and other schools not embraced in the public educational system of the State by furnishing text-books free to the children attending such private schools. The operation and effect of the legislation in question were described by the Supreme Court of the State as follows (168 La., p. 1020):

"One may scan the acts in vain to ascertain where any money is appropriated for the purchase of school books for the use of any church, private, sectarian or even public school. The appropriations were made for the specific purpose of purchasing school books for the use of the school children of the state, free of cost to them. It was

for their benefit and the resulting benefit to the state that the appropriations were made. True, these children attend some school, public or private, the latter, sectarian or non-sectarian, and that the books are to be furnished them for their use, free of cost, whichever they attend. The schools, however, are not the beneficiaries of these appropriations. They obtain nothing from them, nor are they relieved of a single obligation, because of them. The school children and the state alone are the beneficiaries. It is also true that the sectarian schools, which some of the children attend, instruct their pupils in religion, and books are used for that purpose, but one may search diligently the acts, though without result, in an effort to find anything to the effect that it is the purpose of the state to furnish religious books for the use of such children. . . . What the statutes contemplate is that the same books that are furnished children attending public schools shall be furnished children attending private schools. This is the only practical way of interpreting and executing the statutes, and this is what the state board of education is doing. Among these books, naturally, none is to be expected, adapted to religious instruction."

The Court also stated, although the point is not of importance in relation to the Federal question, that it was "only the use of the books that is granted to the children, or, in other words, the books are lent to them."

Viewing the statute as having the effect thus attributed to it, we can not doubt that the taxing power of the State is exerted for a public purpose. The legislation does not segregate private schools, or their pupils, as its beneficiaries or attempt to interfere with any matters of exclusively private concern. Its interest is education, broadly; its method, comprehensive. Individual interests are aided only as the common interest is safeguarded.

*Judgment affirmed.*