ODOM, J.
 

 This suit was brought by the “S. Bender Iron & Supply Company, owned and being operated by S. Bender of Shreveport, Caddo Parish, Louisiana,” against the Pelican Well Tool
 
 &
 
 Supply Company et al.
 

 
 *827
 
 Defendants excepted to the petition on the ground that it “fails to set forth a legal cause or right of action.”
 

 This exception was overruled by the trial judge. Answer was then filed, and a trial of the case on its merits resulted in a judgment for defendants. Plaintiff appealed.
 

 Appellees now move to dismiss the appeal upon the identical grounds urged as a basis for the exception of no cause of action filed in the lower court, which was that plaintiff has no capacity, right, or authority in law to appear in court and litigate.
 

 Counsel argues in brief that his exception of no cause of action should have been sustained, and that the trial judge erred in his ruling thereon. Even so, that is no ground for dismissing the appeal.
 

 Alleged errors made by trial courts in their rulings on exceptions and matters pertaining to the merits of the case will not be reviewed by this court on motions to dismiss appeals. On the trial of such motions, the question whether.any ruling or judgment of the lower court is correct is not an issue. Hunter v. Rector, Wardens, and Vestrymen, etc., 173 La. 454, 187 So. 850, and authorities there cited.
 

 In the case of Borden et al. v. Louisiana State Board of Education et al., 168 La. 1005, 123 So. 655, 67 A. L. R. 1183, it was held, to quote paragraph 2 of the syllabus. “Plaintiffs’ right to maintain action could not be disposed of on motion to dismiss their appeal from judgment refusing preliminary injunction on ground that plaintiffs’ petition did not disclose any right or cause of action.”
 

 The motion to dismiss the appeal is denied.