OVERTON, Justice.
 

 This case was before us a year ago. The judgment appealed from was set aside, and the case was remanded to enable plaintiff to introduce evidence to establish the basis of its demand. 175 La. 917, 144 So. 714. When the case reached the trial court again, plaintiff ruled defendant to show cause therein on a given date why judgment should not be rendered against it. Defendant then appeared and pleaded the uneonstitutionality, on federal grounds, of the tax sought to be collected from it. Defendant moved to strike from the record the plea of unconstitutionality on. the ground that the sole purpose of remanding the case was to enable plaintiff to introduce the requisite evidence to establish its claim. The court sustained the motion to strike the plea from the record. After an admission that the amount sued for is correct, the court rendered judgment for plaintiff. Defendant has appealed, and plaintiff now moves to dismiss the appeal on the grounds that the only purpose of the remand was to ascertain the amount of the tax due by defendant, and that defendant has admitted that the amount sued for is correct, and that this admission constitutes an acquiescence in the judgment appealed from.
 

 This admission is purely as to the amount of the tax due, and is not an acquiescence in the constitutionality of the tax, nor in the absence of the right to file the plea of uneonstitutionality. The right to file the plea of uneonstitutionality, notwithstanding the admission, remains to be decided. That right, although it may prove to be frivolous, constitutes an issue that may be presented on appeal. The only way in which the merits of the issue may be determined is by an examination of the record, and this may be done only by considering the appeal on its merits to determine whether the ruling complained of is correct or not. No matter how frivolous one’s appeal may seem to be, nevertheless it should not be dismissed for that reason, but should be considered on its merits, and the judgment affirmed, amended, or set aside. Succession of Damico, 161 La. 725, 109 So. 402; Typhoon Fan Go. v. Pilsbury, 166 La. 883, 118 So. 70.
 

 The motion to dismiss is denied.