50 So.2d 202

## WILSON v. WILSON.

### No. 40105.

Dec. 11, 1950.

---

Samuel P. Love, Shreveport, for plaintiff-appellant.

Sylvian W. Gamm, Isaac Abramson, Shreveport, for appellee.

FOURNET, Chief Justice.

Lester L. Wilson, against whom his wife, Jacquetta Calvin Wilson, had secured a separation from bed and board more than a year and sixty days previously, obtained a judgment of divorce against his wife by default—in which judgment her rights to claim alimony were specifically reserved. He now moves to dismiss her appeal, claiming that the appeal is frivolous and prosecuted solely in order to embarrass and harass him, and that the appellant acquiesced in the judgment by accepting $300 paid to her after judgment had been rendered, pursuant to an agreement entered into between the attorneys for the parties prior to judgment in which it was understood that no defense would be made to the suit, and after the divorce had been granted appellant would file a rule to fix alimony, pending which the appellee would continue to pay the sum of $300 per month ($250 for the support of herself and $50 for the child), and that the basis of his motion to dismiss her appeal involves questions of fact on which this court cannot take evidence. He therefore prays that the cause be remanded to the District Court.

The appellant, answering this motion to dismiss, through her attorney contends that the issue in this case is whether or not she has the right to appeal from the judgment of final divorce obtained upon default, and whether alimony pendente lite continues until superseded by another alimony judgment as long as the judgment for divorce has not become final—supporting the affirmative in each case, and arguing that in accepting the $300 after judgment she accepted it as alimony pendente lite.

The right of appellant to have the judgment of the District Court reviewed is unqualified, "whether such judgments have been rendered after hearing the parties, or by default", La.Code of Practice, Art. 565, and the fact that the appeal may appear to be frivolous is not ground for dismissal, the remedy being affirmance of the judgment appealed from when the appeal is heard on the merits. Reiners v. St. Ceran, 27 La. Ann. 112; Succession of Damico, 161 La. 725, 109 So. 402; Borden v. Louisiana State Board of Education, 168 La. 1005, 123

So. 655, 67 A.L.R. 1183; Cochran v. Louisiana State Board of Education, 168 La. 1030, 123 So. 664, affirmed 281 U.S. 370, 50 S.Ct. 335, 74 L.Ed. 913; Louque v. Hercules Oil Co., 170 La. 355, 127 So. 866; State v. Up-To-Date Shoe Repairing Co., 178 La. 188, 151 So. 74. Nor can the motion to dismiss the appeal be predicated on the ground that the appeal was prosecuted to obtain delay and to harass appellee. Succession of Pavelka, 161 La. 728, 109 So. 403, and cases therein cited.

Appellee's contention that the wife has acquiesced in the judgment is a mere conclusion, and the facts set out in his argument do not support this conclusion. His complaint that the appellant has not fulfilled her alleged agreement is a matter which we cannot now decide. It may come up on another appeal, as both sides admit that facts concerning an agreement have already been brought out in the contempt proceeding to enforce payment of alimony pendente lite, still under consideration in the district court.

In his brief, counsel for the appellee makes the further contention that this is in reality a partial appeal; that the wife has not complained of the judgment of divorce but only of the failure of that judgment to provide for alimony; and that acquiescence in any part of a judgment precludes an appeal from it, citing Jolley v. Vivian Oil Co., 131 La. 937, 60 So. 622. That opinion concerned an indivisible judgment rendered in a suit to annul an oil and

gas lease, and has no application here. Moreover, the wife is attacking the whole judgment.

For the reasons assigned, the motion to dismiss the appeal is denied.