HAMITER, Justice.
Plaintiffs instituted this suit pursuant to the provisions of LSA-R.S. 47:2228.1 to confirm a tax title to three lots of ground in the City of New Orleans. Made defendant initially was Robert Kilpatrick,‘ the record owner of the property at the time of its adjudication to the State of Louisiana for unpaid taxes. His heirs were later substituted' for him when it was learned that he had since died. Also cited subsequently as a defendant was Warren A. Doll, plaintiffs having ascertained that he acquired certain claimed rights in and to the property of one Samuel Cresap who was an adjudicatee at a mortgage foreclosure sale by the Civil Sheriff of the Parish of Orleans.
Doll filed an exception, therein contending that he had been improperly made a party defendant. Answering, he denied plaintiffs’ allegations; and he reconvened for damages allegedly sustained as the result of the suit having been wrongfully brought against him. The curator appointed to represent the other defendants, who were absentees, also filed an answer, generally denying the averments of plaintiffs’ petition.
The trial court overruled the exception, rendered judgment on the merits in favor of the plaintiffs, and dismissed the reconventional demand. Defendant Doll appealed from the judgment.
Appellees have moved to dismiss the appeal, urging that since the appellant conceded in the trial court that their title is indefeasible the appeal was frivolously taken. They also assert that the record fails to affirmatively show that the value of *1007 the property 'in dispute is in excess of $2,000, the jurisdictional minimum of this court.
The latter assertion of appellees has merit. The only evidence as to value is that of the plaintiffs themselves. They testified that the property was purchased in 1949 for $1,200 and that they expended the sum of $373.30 to clean and destump- the lot and to build a shed on it. There is nothing to show that the performed work enhanced the value of the property any more than the amount expended; nor was there any disclosure that an enhancement otherwise resulted.
It is true that in connection with his reconventional demand the defendant Doll alleged the value of the property to be in excess of $2,000. However, allegations in the answer are deemed to be denied, by the plaintiffs. Code of Practice Article 329; Lee v. Perkins, 195 La. 939, 197 So. 607. Therefore, such allegation of appellant cannot be held to be controlling as to the value of the property in the absence of evidence to support it.
In his brief the appellant recites that similar property in the same neighborhood has recently sold for more than $2,000, and also therein he purports to make an offer to purchase the lots from plaintiffs for $2,500 in order, “to clinch the matter and bring it to an. end”.. But these assertions do not form a part of the record and cannot be considered in determining value for jurisdictional purposes.
Since this court does not have jurisdiction of the appeal, we refrain from passing on the contention that it was frivolously taken. 'That plea should be made in the Court of Appeal having appellate jurisdiction of the case.
For the reasons assigned it is ordered that this cause be transferred to the Court of Appeal, Orleans Circuit, pursuant to the provisions of LSA-R.S. 13:4441 and 13:4442, the record to be filed in such court by appellants within thirty day's from, the date on which this decree shall become final; otherwise the appeal shall stand dismissed. Appellants shall pay the costs of the appeal to this court, and all other costs shall' await final disposition of the' case.