McBRIDE, Judge.
Warren A. Doll, one of the defendants, appealed from an adverse judgment to the Supreme Court, but because the record failed to affirmatively show that the value of the real estate in dispute is in excess of $2,000, the Court transferred the appeal to us pursuant to the provisions of LSA-R.S. 13:4441. See 228 La. 1004, 84 So.2d 801.
Plaintiffs-appellees now move to dismiss the appeal urging that since the appellant conceded in the trial court that their title is indefeasible, the appeal was frivolously taken. They pray that the motion to dismiss be fixed for trial and that they be allowed $500 damages for frivolous appeal.
The remedy for frivolous appeal is not dismissal but affirmance of the judgment when the appeal is heard and found to be without merit. Gottlieb v. Avery Realty Co., 180 La. 621, 157 So. 369; State v. Up-to-Date Shoe Repairing Co., Inc., 178 La. 188, 151 So. 74; Orleans Homestead Ass’n v. Williams, 171 La. 336, 131 So. 39; Louque v. Hercules Oil Co., Inc., 170 La. 355, 127 So. 866; Cochran v. Louisiana State Board of Education, 168 La. 1030, 123 So. 664, affirmed 281 U.S. 370, 50 S.Ct. 335, 74 L.Ed. 913; Borden v. Louisiana State Board of Education, 168 La. 1005, 123 So. 655, 67 A.L.R. 1183; Bertoniere v. Savoure, 163 La. 1073, 113 So. 459; Succession of Pavelka, 161 La. 728, 109 So. 403; Succession of Damico, 161 La. 725, 109 So. 402; Juzan Nicholas & Co. v. Fidelity & Deposit Co. of Maryland, La.App., 152 So. 779.
In the second place, even if the appellees had a right to urge the dismissal of the appeal on motion, they certainly effectively waived and abandoned that right by asking'for damages for frivolous appeal. Code Prac. art. 907; Brewton v. Brewton, 159 La. 251, 105 So. 307; Clay v. District Grand Lodge No. 21, Grand United Order of Odd Fellows of Louisiana, La.App., 154 So. 654; Devoe & Raynolds Co., Inc., v. Turpin, 16 La.App. 43, 133 So. 493.
Therefore, the motion to dismiss the appeal is denied.
Motion denied.