JANVIER, Judge.
This suit to quiet title to a tax title was brought under authority of LSA-R.S. 47:2228.1.
The appeal by Warren A. Doll was taken to the Supreme Court which transferred it to this Court because of lack of jurisdiction. Diecidue v. Kilpatrick, 228 La. 1004, 84 So.2d 801.
It is not necessary that the description of the property be set forth since the only question which remains before us is whether or not one of the parties defendant, Warren A. Doll, should be required to pay the costs incurred by him.
It is his contention that he should not have been made a party defendant for the reason that there was no question about the perfection of the title of plaintiffs, and that therefore Doll, although he had at one time made an effort to have the title claimed by him recognized, he could not possibly have been successful because of the prescription of six years which, according to Doll, absolutely put an end to any possibility of a successful contest over the title of plaintiffs.
The prescription of six years which, according to Doll, absolutely perfects the title of plaintiff against the State and against any other possible party, is found in LSA-R.S. 9:5661 which reads as follows:
“Actions, including those by the State of Louisiana, to annul any patent issued by the state, duly signed by the governor and the register of the state land office, and of record in the state land office, are prescribed by six years, reckoning from the day of the issuance of the patent.”
In the original petition of plaintiffs it was alleged, and it has since been shown, that the property which was owned by and assessed to Robert Kilpatrick was adjudicated to the State of Louisiana for nonpayment of taxes for the year 1938, and that, at a sale held on June 8, 1946, Bernard Gulotta bid in the property and that, under authority of Act No. 237 of 1924, a patent was issued by the State of Louisiana to the said Bernard Gulotta and that the said Gulotta, by notarial act, sold the property to the present petitioners.
Petitioners did not know whether the tax debtor, Robert Kilpatrick, was still alive, nor who might be his heirs, and they therefore prayed that a curator ad hoc be appointed to represent the said former owner or his heirs and that there be judgment against any such former owner or owners, recognizing petitioners as the full and complete owners of the said property.
It later developed that the former owner of the property, the said Robert Kilpatrick, *104 had, on May 7, 1934, mortgaged the said property and that, because of nonpayment of the mortgage indebtedness, the said mortgage had been foreclosed and that, at a sale under the foreclosure proceedings, the said property had been adjudicated by the Civil Sheriff to the mortgage creditor, Samuel Cresap. It also developed that-thereafter the said Cresap transferred to Warren A. Doll any rights which he may have had under the adjudication at the foreclosure sale.
Doll demanded that the Civil Sheriff for the Parish of Orleans execute to' him a deed in confirmation of the adjudication at foreclosure which had been made to Cresap, and when the Sheriff refused to execute such a deed Doll, by mandamus proceeding, compelled the Sheriff to do so. Thereafter the deed which the Sheriff executed to Doll was duly registered in C.O.B. 577, at folio 692.
When these facts transpired, petitioners, by supplemental petition, set them forth and alleged that, since Doll had registered his deed in the Conveyance Office, it was necessary that he be made a party defendant and that the title of petitioners which had been derived by Gulotta from the State of Louisiana be declared perfect against any possible attack by Doll, as well as against any possible attack by the former owner, Kilpatrick or his heirs or any other former owner. To this amended petition Doll, who was then made a party defendant, filed several exceptions.
It is interesting to note that in no one of them did Doll contend that there was no necessity that he be made a party defendant by petitioners and that he did not then admit that the title of petitioners was good against any possible claim by him.
His exceptions were overruled and Doll filed answer in which he denied practically every allegation made by petitioners and in which he prayed that the suit of petitioners, to have their title declared perfect, be dismissed.
After the filing of another supplemental petition, Doll then, for the first time, raised the contention that he should not have been made a party defendant. He averred that, since the title of petitioners had been derived by patent from the State of Louisiana, and that that patent had been issued more than six years, the title of petitioners was good as against the world as a result of LSA-R.S. 9:5661, which we have already set forth in full, and that therefore, since the title of petitioners was good as against the world, Doll should not have been made a party defendant since he could not possibly successfully contend that his foreclosure title was good.
After a trial there was judgment in favor of petitioners against all possible former owners and against Doll, and in the judgment it was provided that Doll should pay the costs incurred by him. He has appealed from that judgment, and in his motion for appeal he did not limit it to the question of costs. Now, however, his counsel concedes that the title of petitioners is perfect and contends that therefore the only question before us is whether Doll should have been required to pay his own costs.
Had Doll, when he was first made a party defendant, immediately answered and conceded that the title of petitioners was good even as against his foreclosure title, there might be some sound basis for his , contention that he should not be cast for his own costs. However, when he was brought into the suit, he had already compelled the Civil Sheriff to execute to him a deed purporting to convey title to the identical property which petitioners were asking to perfect and not only had he had that purported title registered in the Conveyance Office, but he had answered the suit of petitioners and had prayed that their suit be dismissed.
In view of the fact that he had registered his purported title which, if good, would have defeated the claim of petitioners, and in view also of the fact that when he was brought into the suit Doll attempted to have it dismissed, it seems entirely proper that he *105 should be required to pay the costs incurred by him in his unsuccessful effort to have the suit of petitioners dismissed. Furthermore, under LSA-R.S. 13:4444:
“All appellate courts may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be deemed equitable.”
It is unnecessary that we consider or discuss the question of whether the title of petitioners was absolutely perfect as a result of the application of LSA-R.S. 9:5661.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.