106 So.2d 452

**KRAUSS COMPANY, Limited**

v.

**Robert DEVELLE, Director of Finance of The City of New Orleans, et al.**

No. 44215.

Nov. 10, 1958.

Milling, Saal, Saunders, Benson & Woodward, Irving R. Saal, R. E. Milling,

Jr., David J. Conroy, New Orleans, for plaintiff-appellant.

Alvin J. Liska, City Atty., William Boizelle and Ernest L. Salatich, Asst. City Attys., New Orleans, for defendants-appellees.

TATE, Justice.

Appellees, the City of New Orleans and its Director of Finance, have moved to dismiss this appeal on the ground that the appellant is without pecuniary interest in the outcome thereof and also because a central issue thereof has allegedly become moot.

Plaintiff appellant, a retail merchant in New Orleans, seeks by this suit to recover city sales taxes in the amount of $1,367.80 paid under protest to that municipality upon merchandise sold within but delivered without the City of New Orleans in November and December of 1956. Purchases made in New Orleans for delivery elsewhere were first made subject to the city sales tax by City Ordinance No. 831 M.C.S. adopted November 2, 1956. The basis of the plaintiff's complaint is the alleged unconstitutionality and illegality of said Ordinance No. 831.

The suit was dismissed, after trial, upon a holding that the plaintiff mercantile establishment was not aggrieved by the levy and was without interest to file suit to recover these sales taxes because, under the

city sales tax enactment, such taxes are paid by the consumer and not by the store itself, which merely collects same as agent of the taxing authority.

■ Appellees' contention that this appeal should also be dismissed without a hearing on the merits thereof because of this alleged lack of pecuniary interest on the part of appellant overlooks the codal provisions and well established jurisprudence that a party to a suit is given an unqualified right to appeal from adverse final judgment (Articles 565, 571, Code of Practice; Wilson v. Wilson, 218 La. 586, 50 So.2d 202, First Nat. Bank v. Lagrone, 164 La. 907, 114 So. 832, Succession of Damico, 161 La. 725, 109 So. 402), and need not (as must a third person not a party to the suit appealing as permitted by Code of Practice Article 571 from a judgment, see City of Alexandria v. Police Jury, 139 La. 635, 71 So. 928) allege and show a direct pecuniary interest in order to be entitled to appeal. Cf. also, Jones v. Jones, 234 La. 549, 100 So.2d 502.

■ Plaintiff appeals to this Court under the provision of Article VII, Sec. 10, La.Constitution, LSA—that the Supreme Court "shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax, * * * levied by the State, or by any parish, municipality, board, or subdivision of the State is contested * * *." In such instances, the Supreme

Court has jurisdiction regardless of the amount in controversy. State v. Whitehead Motor Co., Inc., 179 La. 710, 154 So. 912.

In support of their premise that the controversy is moot, the appellees cite the passage of Act 29 of 1957 (LSA–R.S. 33:2716) subsequent to the present suit. This State enactment prohibits the collection of sales taxes by any municipality or parish upon the sale of any goods delivered without the territorial limits of the taxing authority. It is suggested that the constitutionality or legality of Ordinance No. 831 now being moot (since the cited State statute rendered same inoperative), this appeal should be transferred to the Orleans Court of Appeal since the amount in dispute is below the jurisdictional limit of this Court.

We cannot concur with this argument.

■ Since plaintiff's demand for refund of sales taxes paid pursuant to Ordinance 831 in November and December of 1956 is based upon a contention that said ordinance was illegal and unconstitutional, decision of the merits of plaintiff's cause of action involves a determination as to the illegality or unconstitutionality of the ordinance at the time the taxes were levied, whether or not the ordinance is still in effect. Whatever the subsequent history of the ordinance, it cannot render moot determination of plaintiff's substantive rights

when substantial results (i. e., the refund of the taxes paid under protest) would follow a decree of this Court reversing the judgment from which the appeal was taken. Archer v. City of Shreveport, 226 La. 867, 77 So.2d 517, Barretta v. Cocreham, 210 La. 55, 26 So.2d 286. This is not a case where a controversy is made moot by a change of circumstance subsequent to the decision below which makes it impossible for an appellate court to give an appellant any relief. Cf., Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471, Straub v. Healy, 164 La. 733, 114 So. 634.

For the reasons assigned, the motion to dismiss the appeal is denied.