ON REHEARING
PER CURIAM.
We have reexamined our original opinion holding that the Assistant District At *53 torneys were not entitled to pay increases provided for by Act 289 of 1970 in the absence of a specific appropriation therefor. Our opinion remains unchanged. However, certain arguments have been made on rehearing which were not touched on in our original opinion which we believe deserve answer.
Our attention is directed to the argument that since Article 3, Section 34, of the Louisiana Constitution[1] requires a favorable two-thirds vote to increase or decrease the salaries of public officials that no salary once fixed by such vote may be avoided by the refusal or failure to appropriate funds therefor or by any other act of the Legislature requiring only a bare majority vote.
Article 4, Section 1, of the Constitution under consideration by us in Branton v. Parker, 233 So.2d 278 (La.App. 1st Cir. 1970), requires that, “No money shall be drawn from the treasury except in pursuance of specific appropriation made by law * * Thus, the General Appropriation Act, Act 11 of 1970, was passed in compliance with this constitutional mandate.
The vote required to pass an appropriation bill is governed by the provisions of Article 3, Section 24, of the Louisiana Constitution of 1921, which provides, in part:
“ * * * nor shall any bill become a law unless, on its final passage, the vote be taken by yeas and nays, the names of the members voting for or against the same to be entered in the journal, and a majority of the members elected to each house be recorded thereon as voting in its favor * * *.”
Accordingly, it can be seen that the Constitution requires a two-thirds vote to grant a public officer a salary increase and only a majority vote to implement such increases in pursuance of the constitutional mandate which requires a specific appropriation made by law. Therefore, we conclude that the two-thirds vote of the Legislature to grant the pay raise was merely a compliance with a constitutional provision rather than an expression of a contrary intent specifically nullifying the provisions of Section 14 of the General Appropriation Act.
Neither do we subscribe to the view that Sections 2 and 3 of Act 289, as follows:
“Section 2. Notwithstanding any other provision of the law to the contrary the increase in salary provided for in Section 1 of this Act shall not be retroactive to January 1, 1970, but shall be effective on August 1, 1970.
“Section 3. All laws or parts of laws in conflict herewith are hereby repealed.”
express an intent contrary to the provisions of Section 14 of Act 11.
Section 2 states specifically when the salary increases become effective and cannot be reasonably construed to mean that the increased salary would be honored on the warrant of the Assistant District Attorneys contrary to the prohibition contained in Section 14.
Act 121 of 1969 provided for an annual salary to Assistant District Attorneys of $7,000. Act 289 of 1970 provided for an annual salary to Assistant District Attorneys of $10,000. Act 11 of 1970, having passed prior to Act 289, made an appropriation in Section 03 thereof in accordance with the provisions of Act 121 of 1969, the only law in effect at that time concerning the salaries of the said Assistant District Attorneys. Accordingly, it can be seen *54 that an appropriation was made for the payment of their salaries on their own warrant in compliance with the law then in effect.
We, therefore, conclude that the Legislature, which we stated in Branton, “controls the purse strings,” was not by its action in providing the manner in which salaries were to be paid, hampering or rendering impotent the operations of a coordinate branch of the government “by legislative failure or refusal to appropriate funds for their operation pursuant to constitutional authorization.” State ex rel. Nunez v. Baynard, 15 So.2d 649 (La.App. 1st Cir. 1943); Branton v. Parker, supra. We view such action as merely complying with the provisions of Article 4, Section 1, of the Constitution and making it clear that no warrants for increased salaries would be paid in the absence of an appropriation therefor or in legislation expressing a contrary intent as required by the provisions of Section 14 of Act 11.
Lastly, it is submitted that Section 14 of Act 11 is unconstitutional in that it contravenes Article 4, Section 9, of the Louisiana Constitution which provides:
“The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the government sjc sf: if: >>
Accordingly, it is argued that Section 14 announces a rule of substantive law beyond the purview of a general appropriation bill. Consideration should be given by the court to the judgment of the Legislature as to what may properly come within the General Appropriation Act. Borden v. Louisiana State Board of Education, 168 La. 1005, 123 So. 655 (1929). While it is true that Section 14 of Act 11 is not a “line item” appropriation, it is incidental to a bill appropriating money for public spending and properly included therein. We believe that it is within the judgment of the Legislature to include such provisions in the General Appropriations Act.
For the above and foregoing reasons, our original decision reversing the trial court, and recalling and vacating the writ of mandamus previously issued is reinstated at the cost of plaintiffs-appellees.
Original judgment reinstated.

. Article 3, Section 34, of the Louisiana Constitution reads as follows:
“ * * * Salaries of public officers, whether fixed in this Constitution or otherwise, may be changed by vote of two-thirds of the members of each House of the Legislature.”