PER CURIAM.
This is a suit instituted by the parents of children attending the St. Martin Academy in St. Martinville, Louisiana, seeking preliminary and permanent injunctions against the St. Martin Parish School Board discontinuing school bus transportation to the children attending the Academy. A temporary restraining order was issued and con *519 tinued until the matter was heard on the plaintiff’s rule for a preliminary injunction. The parties agreed that the case would be tried on the merits at the hearing for a preliminary injunction. The trial court ruled in favor of the plaintiffs and granted a permanent injunction, preventing the school board from discontinuing school bus transportation to the children attending the St. Martin Academy, as long as the school board furnished transportation to children attending other schools in the parish. From this judgment, the school board has appealed. We reverse and remand.
Appellant asks that we remand this case for a full evidentiary hearing on the question of whether the St. Martin Academy was operating on a racially segregated basis. It is alleged that this remand is necessary since the lower court was of the view that racial segregation was not an issue in the lower court. The trial judge relied on the case of Cochran v. Louisiana, 281 U.S. 370, 50 S.Ct. 335, 74 L.Ed. 913 (1930), wherein the Supreme Court held that the Free Textbook Law was for the benefit of the children and not for the schools.
The trial judge was of the opinion that the issue involved solely the question of whether the state statute permitting the school board to transport children who lived more than one mile from the school permitted the school board to discriminate against the children attending the Academy. The school board had sought to discontinue transporting children to the Academy in order to obtain Federal funds from the U. S. Department of Health, Education and Welfare (HEW). The school board contended at trial that it was necessary to discontinue bus transportation because the school board was prohibited from fostering segregation by virtue of an order of the U. S. District Court.
The ruling of the trial court to limit the evidence and the issues to a consideration of whether the statute required the school board to transport all children without regard to any other issues that may have been involved was erroneous. The trial court should have allowed a full eviden-tiary hearing on all points in issue since the parties had stipulated that the case would be tried on the merits for a permanent injunction. We believe that a remand is in order in this case so that all the issues may fully be presented in one hearing and the decision made on the basis of all facts which are necessary to determine the validity of the injunction.
The interest of justice would best be served by a full evidentiary hearing where all facts are aired at one time and can be given full consideration. This would obviate the necessity for multiple hearings involving the validity of bus transportation to the Academy for these children. It is, therefore, determined that a remand of this case is required for a full hearing on all the pertinent issues relative to a permanent injunction.
For the above and foregoing reasons, the judgment of the District Court granting a permanent injunction is hereby reversed. The case is remanded for a full eviden-tiary hearing on all issues that may be relevant in light of this opinion.
Reversed and remanded.