MARVIN, Judge.
Plaintiff, an unsuccessful bidder on a public construction contract, appeals the rejection of its demands to enjoin further execution of the contract awarded by the State to the successful low bidder. LRS 38:2211 et seq. LRS 37:2150 et seq. We affirm.
Both the plaintiff and the low bidder are licensed contractors under the contractor’s licensing law, LRS Title 37. § 2163 of this law requires that a contractor be licensed in order to be eligible to bid on a proposal in excess of $30,000, that the licensed contractor shall certify that he is licensed and shall show his license number on his bid and on the envelope in which it is contained, and that “[a]ll bids ... not in accord with the[se] ... requirements shall be automatically rejected and shall not be read.”
The successful low bidder placed his contractor’s license number upon the envelope in which he submitted his bid but did not place the number upon the bid itself.
Plaintiff contends that this bid was void and in violation of LRS 37:2163 and that the award of the contract to the defendant bidder was made arbitrarily and unfairly under the Public Contracts Law, LRS 38:2211 et seq.
These laws should be considered in pari materiae, especially where, as here, the instructions to each.bidder informed bidders that they were to place their contractor’s license number on the bid and on the envelope in which it was contained. These laws, however, do not have an identical purpose.
“The purpose of the legislature in enacting this Chapter is the protection of the health, safety and general welfare of all those persons dealing with persons engaged in the contracting vocation, and the affording of such persons of an effective and practical protection against the incompetent, inexperienced, unlawful and fraudulent acts of contractors with whom they contract.”
LRS 37:2150
In Williams v. Board of Sup’rs., etc., 388 So.2d 438 (La.App. 2d Cir. 1980), we said that the purpose of the Public Contracts Law (LRS 38:2211 et seq.) is to protect the public against the award of contracts because of favoritism and possible exorbitant prices and against the unfair and arbitrary selection of a higher bid, by requiring that the contract be let to the lowest responsible bidder who has bid according to the plans and specifications. LRS 38:2212A(1) as last amended, Act 103 of 1977. This section also expressly provides that no public work shall be done except as provided in this Part. The part referred to, of course, is the Public Contracts Law.
We find no violation of the Public Contracts Law in these circumstances. The violation, if any, of the Contractor’s Licensing Law, by the bidder’s failure to place his license number on the bid form, is legally inconsequential when the number was placed on the envelope in which the bid was contained, when the bidder certified that he was licensed, and otherwise conformed to both laws in his bid.
LRS 37:2163 is authority for the public body to reject outright and without reading, a sealed bid when the envelope in which the bid is sealed does not have the bidder’s license number written on the envelope. Otherwise the public body would be required to open the sealed bids of contractors who perhaps are not licensed. Once the bidder’s license number is placed on the sealed envelope containing the bid, the public body is required to open the envelope and to determine whether the bid *794 complies with the proposed contract and with law.
The lowest responsible [licensed] bidder has the right to be awarded the advertised contract, if the contract is awarded to any bidder, and that right is enforceable at law. See Haughton Elevator Division v. State, etc., 367 So.2d 1161 (La.1979). The plaintiff does not contest the tacit finding by the public body that the defendant low bidder was found responsible and licensed.
The express policy that public contracts should be awarded to the lowest responsible bidder, reiterated by the Legislature in Acts of 1978, 1979 and 1980, weighs heavier in these circumstances than the Legislature’s requirement in LRS 37:2163, as amended in 1976, that the contractor’s license number be placed on the bid form and on the sealed envelope. The placement on the envelope of the contractor’s license number indicates that the bidding contractor is licensed and imposes a duty on the public body to open the envelope and examine the bid contained in the envelope to determine whether the contractor is responsible [licensed] and whether the bid is according to the contract, plans, and specifications as advertised. LRS 38:2212.
If the license number is not on the envelope, the public body has no indication that the bidding contractor is licensed, the public body is not under a duty to open the envelope and consider the bid. We leave unanswered the effect of a public body considering a sealed bid from a licensed and otherwise responsible contractor where the contractor’s license number is not written on the envelope in which the bid is contained.
The general thrust of laws relating to the award of public contracts is that the public body must not operate unfairly or arbitrarily and, if a contract is awarded, it shall be awarded to the lowest responsible bidder.
The policy of LRS 37:2163 is upheld when only licensed contractors bid on public contracts. The policy of LRS 38:2212 is upheld when the public body considers a sealed bid on which the contractor’s license number is contained on the envelope and the contract is awarded to that contractor when he is in fact licensed, and is the lowest responsible bidder who has bid according to the contract, plans, and specifications as advertised. There are no elements of unfairness or arbitrariness shown in these circumstances.
In closing, it is appropriate for us to dispose of the appellee’s motion to dismiss the appeal. This motion was filed on the grounds that the work under the contract was 15 percent complete in August 1980 and that we would be deciding a moot issue. Notwithstanding Cox v. Watts, 329 So.2d 917 (La.App. 1st Cir. 1976), where an appeal was held moot because the work under the contract complained of was more than 50 percent complete when the appeal was submitted, we hold that a litigant should not be denied his right of appeal solely on the basis that partial performance of a disputed contract renders the appeal moot. See and compare Verdun v. Scallon Brothers Contractors, Inc., 270 So.2d 512 (La.1972). The appeal of a final judgment is a matter of right. Succession of Damico, 161 La. 725, 109 So. 402 (1925); CCP 2082.
The motion to dismiss the appeal is denied. At appellant’s cost, the judgment appealed is AFFIRMED.