ON MOTION TO DISMISS
COVINGTON, Judge.
This matter is before us on a motion to dismiss the appeal of Ronald Hinton, a defendant, filed by Dairyland Insurance Company, also a defendant, on the ground of mootness.
This case is consolidated with the case of “Ronald Hinton versus Dairyland Insurance Company, et al.,” Number 82 CA 0317 on the docket of this Court. Both cases are now pending hearing. Judgment was rendered in the trial court March 5, 1982, and signed on March 10, 1982, in favor of Corrine Samuels and against the defendants, Ronald Hinton and Dairyland Insurance Company. The claim of Mable Burton was dismissed. She has not appealed the judgment against her.
On April 1, 1982, Hinton moved for a devolutive appeal. Thereafter, on April 19, 1982, Dairyland paid the judgment in favor of Corrine Samuels, and obtained a satisfaction of judgment in which Samuels released Hinton and Dairyland from the judgment and requested the judgment be cancelled.
The instant case, and the case with which it was consolidated, concern an automobile accident. Hinton was uninsured. Dairy-land was the uninsured motorist carrier of Burton, the driver of the car in which Sam-uels was a passenger. The trial court (in both cases) found Hinton negligent. On *193 appeal, he seeks reversal of that court’s finding that he was negligent. The record does not reflect that Hinton has, beyond doubt, acquiesced in the judgment, or abandoned his appeal. Major v. Louisiana Department of Highways, 327 So.2d 515 (La. App. 1 Cir.1976).
The appeal of a final judgment is a matter of right. Appeals are favored by our law and should be maintained wherever possible. Taylor & Taylor Builders, Inc. v. Moore, 393 So.2d 792 (La.App. 2 Cir.1981). We do not agree with mover that the matter is now moot, just because mover has satisfied Samuels’ judgment. Hinton still has his interest in having the issue of negligence decided in his favor. He should be accorded an opportunity to present the question of negligence for review, and to have the judgment “revised, modified, set aside, or reversed by an appellate court,” if the record supports his position. LSA-C. C.P. art. 2082; Cohn Realty Company, Inc. v. Able Moving & Storage Co., 402 So.2d 104 (La.App. 1 Cir.1980).
For the assigned reasons, the motion to dismiss the appeal is denied.
MOTION DENIED.