577 So.2d 187 (1991)
RED RIVER COORS, INC.
v.
Shirley McNAMARA, Secretary, Department of Revenue and Taxation.
No. CA 89 1942.
Court of Appeal of Louisiana, First Circuit.
March 5, 1991.
Rehearing Denied May 2, 1991.
*188 David R. Kelly, Sheldon Beychok, Baton Rouge, for plaintiff-appellant Red River Coors, Inc.
Marlon V. Harrison, Baton Rouge, for defendant-appellee Dept. of Revenue and Taxation.
Thomas Halligan, Baton Rouge, for defendant-appellee William H. Guste, Atty. Gen.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
Appellant, Red River Coors, Inc., appeals from the dismissal, upon a peremptory exception raising the objection of no cause of action, of its suit for declaratory judgment and a tax refund. Finding appellant's petition does state a cause of action for declaratory judgment, we reverse the judgment of the lower court.
On October 6, 1987, appellant filed the present suit seeking to have La.R.S. 26:342, which imposes an excise tax on beverages of low alcoholic content (beer tax), and La.R.S. 47:4301, which authorizes certain tax exemptions to Louisiana manufacturers, declared unconstitutional as being discriminatory against distributors of beverages of low alcoholic content brewed outside of Louisiana. Appellant further sought a refund of all taxes it paid under the authority of La.R.S. 26:342. Appellant's petition includes the following allegations:
2.
Petitioners are dealers handling beverages of low alcoholic content in Louisiana which have paid certain beer excise taxes levied by the State of Louisiana by authority of the provisions of La.R.S. 26:342 et seq (hereinafter "Beer Taxes").
. . . . .
5.
Since the effective (sic) of Act No. 1974; No 592 [amending La.R.S. 26:342]... various exemptions from Louisiana Beer Tax have been granted to Louisiana breweries handling beverages brewed and produced by them inside the State of Louisiana. These exemptions were not available to petitioners who handled beverages brewed and produced by breweries situated outside the State of Louisiana.
. . . . .
7.
For a portion of 1982 and years subsequent to 1982, the legislative scheme exempting "Louisiana" breweries and beverages from the payment of Beer Tax was continued in effect by the State of Louisiana through the adoption and implementation of the provisions of R.S. 47:4301 et seq. providing authority to the Louisiana Board of Commerce and Industry to grant certain exemptions to existing manufacturing establishments in Louisiana.
. . . . .
11.
Unlike the Louisiana breweries exempted from the Beer Tax as described above, petitioners did not benefit from any exemption, exclusion or reduction in the Beer Tax in their sales of beverages brewed and produced outside of Louisiana.
. . . . .
16.
Petitioners are entitled to a declaratory judgment holding this legislative scheme unconstitutional as violation of the Commerce Clause of the United States Constitution and the Equal Protection Clauses of the Constitution of the United States and the State of Louisiana, and an order that the State of Louisiana refund the Beer Taxes remitted by them for the applicable taxable periods.
As alleged by appellant, from 1974 through 1982, La.R.S. 26:342 imposed disparate tax rates upon beverages of low alcoholic content brewed outside of Louisiana and a portion of a manufacturer's annual production of such beverages brewed within Louisiana. The terms of La.R.S. 26:342, as amended in 1979, provided for this disparity to exist only through 1982. A subsequent amendment to this statute in *189 1987 removed all references to the disparate rates of taxation; La.R.S. 26:342 now imposes a uniform tax on all beverages of low alcoholic content handled in Louisiana.
However, in 1982, La.R.S. 47:4301 et seq. was enacted, allowing the Board of Commerce and Industry to grant tax exemptions to Louisiana manufacturers under certain conditions. In its petition, appellant alleges that a Louisiana brewery with which it was in competition during the applicable tax periods was granted exemptions from the excise tax imposed by La. R.S. 26:342 from October, 1982 through 1986 under the authority of this provision.
In its oral reasons for judgment the trial court concluded appellant's petition failed to state a cause of action for declaratory judgment because La.R.S. 26:342 no longer existed in the form complained of by appellant, in that the disparate rates of taxation provided for beginning in 1974 expired in 1982. Thus, the court apparently felt any issue as to the constitutionality of La.R.S. 26:342, as it formerly existed, was moot. The court further concluded appellant's petition failed to state a cause of action for a refund of taxes because it had not paid the taxes in question under protest pursuant to La.R.S. 47:1576.
We agree with the trial court's conclusion that appellant's claim for a tax refund was subject to dismissal because the taxes were not paid under protest, although the proper basis of this dismissal should have been the appellee's exception of no right of action, rather than her exception of no cause of action. See La.R.S. 47:1576; Sperry Rand Corp. v. Collector of Revenue, 376 So.2d 505 (La.App. 1st Cir.), writ denied, 376 So.2d 156 (1979). However, we do not agree that appellant's petition fails to state a cause of action for declaratory judgment.
The Louisiana Board of Tax Appeals has the authority under La.R.S. 47:1481 to grant a refund of taxes even when taxes were not paid under protest, if the tax is subsequently found unconstitutional and the principles of justice and equity require a refund. Sperry, supra. Thus, even though appellant did not pay the taxes in question under protest, if appellant were to be successful in having La.R.S. 26:342 declared unconstitutional, the Board of Tax Appeals has the authority to order a refund of the taxes paid, if it concludes justice and equity so requires. For this reason, the issue of the constitutionality of R.S. 26:342 as it existed during the applicable periods is not moot.
The Louisiana Supreme Court dealt with a similar situation in Krauss Company v. Develle, 235 La. 1013, 106 So.2d 452 (1958). The plaintiff in Krauss had paid taxes under an ordinance which was thereafter rendered inoperative by subsequent legislation. The court rejected the defendant's argument that the subsequent legislation rendered the issue of the constitutionality of the tax ordinance moot holding that:
Since plaintiff's demand for refund of sales taxes paid pursuant to Ordinance 831 in November and December of 1956 is based upon a contention that said ordinance was illegal and unconstitutional, decision of the merits of plaintiff's cause of action involves a determination as to the illegality or unconstitutionality of the ordinance at the time the taxes were levied, whether or not the ordinance is still in effect. Whatever the subsequent history of the ordinance, it cannot render moot determination of plaintiff's substantive rights when substantial results... would follow a decree of this Court reversing the judgment from which the appeal was taken. 106 So.2d at 454.
In this case, we believe substantial results would follow the granting of the declaratory judgment sought by appellant. The Board of Tax Appeals does not have the authority to decide the constitutionality of a statute, since to do so is strictly a function of the courts. See State v. Board of Sup'rs of Elections, 186 La. 949, 173 So. 726, 729 (1937). Therefore, the only means by which appellant may establish whether the applicable statutes, as they existed at the pertinent times, were unconstitutional is through a declaratory judgment. A judgment declaring these statutes unconstitutional would give appellant a basis to *190 seek a refund from the Board of Tax Appeal pursuant to its authority under La. R.S. 47:1481.
For the stated reasons, we conclude appellant's petition states a cause of action for declaratory judgment and reverse the decision of the trial court dismissing appellant's suit. This case is remanded to the trial court for further proceedings consistent with this opinion. All costs, in the amount of $382.79, are to be paid by appellees.
REVERSED AND REMANDED.