Canal and Navigation Company vs. Tedesco.

### No. 9246.

### CARONDELET CANAL AND NAVIGATION COMPANY VS. LUGGER 1ST. CHEVERE TEDESCO AND OWNER.

The Supreme Court has jurisdiction over a suit for a toll which is resisted as unwarranted by law, or illegal, whatever be the amount claimed.

The constitution in force, as well as that of 1868, have brought a change in that of 1852, which was that considered in 9 Ann., p. 65  The court could not then pass on the legality of such toll, where the amount of it did not exceed $300, which was then the lower limit of its jurisdiction.  The court can now do so, regardless of the amount claimed, under Art. 81 of the Constitution.

The exception to the capacity of plaintiff to sue, cannot be considered on a motion " to dismiss for want of jurisdiction,"

The court will allow the State an opportunity to be heard in cases in which grave rights of hers are involved.

The charter of the plaintiff possesses all the features of a contract.  The legislature was, therefore, without power to repeal it; and Act No. 86 of 1884, in so far as it operates to repeal the said charter, is declared unconstitutional, without prejudice, however, to the rights of the State, whatever they may be, under the other provisions of said act.

APPEAL from the First City Court of New Orleans.
Voorhies, J.

H. D. Ogden, and Blanc & Butler for Plaintiff and Appellant.

Sambola & Ducros for Defendant and Appellee.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant and appellee charges:

1. That the matter in dispute herein does not exceed two thousand dollars.

2. That the constitutionality of no act of the legislature imposing any tax, toll, or impost whatever, is drawn in question in this case.

The suit was brought before a city court to recover $23.40 from defendant, for toll said to be due the Carondelet Canal and Navigation Co., under Act. No. 160 of 1857.

The defendant excepted on the grounds that there is no such corporation in existence as the Carondelet Canal and Navigation Company, that the late Company is defunct, by Act 86 of 1884, and that the plaintiffs have no standing in court.

The city court maintained the exception and dismissed the suit. From this judgment, the plaintiffs have taken this appeal which the defendant and appellee now seeks to have dismissed.

The defense is clearly that the *toll* claimed is not due, because not authorized by existing law, therefore illegal, and because plaintiffs are a myth and have no existence.

Canal and Navigation Company vs. Tedesco.

The matter in dispute is a *toll*, the legality of which is attacked. It is immaterial on what ground the illegality is alleged. It suffices that it be claimed by the defense to give this court jurisdiction over the contention.

The Constitution explicitly provides, that this court shall have appellate jurisdiction over cases (among others) in which the constitutionality or legality of any tax, *toll*, or impost whatever shall be in contestation, *whatever may be the amount thereof*, and in such cases, the appeal, on the law and on the fact, shall be directly from the court in which the case originated to the Supreme Court; Const. 81.

It is, therefore, indifferent whether the toll claimed exceed or not $2000.

There can be no doubt, as claimed, that this court has, as a rule, no appellate jurisdiction over cases involving the constitutionality of an act of the Legislature, where the matter in dispute does not exceed $2000; but this is not so, where the constitution has, in derogation of the rule, specially vested it with jurisdiction over a certain class of cases, *regardless* of the amount involved, though less than two thousand dollars.

The ruling invoked in 9 Ann., 65, was made in 1854, while the constitution of 1852 was in force, which did not confer appellate jurisdiction on the then Supreme Court, in cases of toll charged with illegality, *regardless of amount*; Art. 62.

The Constitution of 1868 operated a change, by giving the jurisdiction, whatever was the amount claimed. (Art 74).

The change was maintained in the present Constitution (Art. 81), which expressly confers such jurisdiction, whatever the amount involved be, in such cases.

It is only on the trial of the exceptions that the issue raised by them can be inquired into. This cannot be done on the motion to dismiss. In the meantime, the court maintains its jurisdiction over the case, as presented by the pleadings.

Motion denied.

---

In this case, the constitutionality of Act No. 86 of 1884, involving grave rights of the State being involved, we are indisposed to determine the question, without giving an opportunity to the State to be heard.

It is, therefore, ordered that notice be given to the Attorney General of the pendency of this appeal, and that a delay of one week be allowed him, to file such brief herein as he may desire.

## ON THE MERITS.

FENNER, J. The plaintiff corporation sues for the collection of a *toll* claimed as due to it under the provisions of its charter.

It was met by the following exception on the part of defendant, viz: "That there is no such corporation in existence as the Carondelet Canal and Navigation Company; that the late Carondelet Canal and Navigation Company is defunct by Act No. 86 of the General Assembly of the State of Louisiana of 1884, and therefore, plaintiff cannot stand in judgment."

This exception was sustained in the lower court, plaintiff's demand was rejected, and from this judgment the present appeal is taken.

The unconstitutionality of Act No. 86 of 1884 is assigned as de-structive of the exception.

Section 20 of Act 160 of 1857, being the charter of plaintiff, provided: "That this corporation shall have existence for and during the term of twenty-five years, from and after the 17th day of October next; provided, that the State shall have the right to take possession of said Canal Carondelet and Bayou St. John, and all the property and improvements connected therewith at the expiration of the term above mentioned, should the legislature determine so to do, upon paying to this corporation the value of said property, to be appraised by five competent persons as experts, two to be appointed by the corporation and two by the Governor, and the four thus appointed shall appoint a fifth; said experts shall be required to take an oath to discharge their duty faithfully. In the event that the State shall not determine to take possession of the property, as herein provided, then this corporation shall be in existence for twenty-five years from and after the expiration of the term above mentioned, etc."

In 1858, the General Assembly passed a supplementary Act No. 74, the fourth section of which provided: "That the said company shall enjoy corporate succession during fifty years from this date, after which time it may revert to the State, etc."

This last act contained no repealing clause. The question whether it operated an implied repeal of the privilege reserved to the State to take possession at the end of twenty-five years, need not be here dis-cussed. It seems clear enough that, whether that privilege was pre-served and exercised or not, the terms of the last act were sufficient to continue the mere corporate existence for fifty years.

As the exception raises no other question than continued corporate existence, it is obviously without merit, unless sustained by the pro-visions of Act No. 86 of 1884.

Canal and Navigation Company vs. Tedesco.

That act is very brief. Its *first* section simply declares that Act No. 160 of 1857, and Act No. 74 of 1858 " be and the same are hereby repealed." The *second* section authorizes the Governor to appoint " two or more experts to appraise and value the property of the said Carondelet Canal and Navigation Company." The *third* authorizes and directs the Governor to take possession of the Bayou St. John and Carondelet Canal and to appoint three commissioners to administer, manage and conduct the affairs of the Bayou and Canal to the best interests of the State.

The statute may be regarded in two lights, viz: 1. As operating a repeal of the charter of the Canal and Navigation Company and thus terminating its corporate existence; 2. As authorizing and directing the Governor to take possession of the Bayou and Canal and to have them administered for the State.

So far as the last aspect is concerned, it is not pretended that the Governor has taken possession, and his right to do so under the act or otherwise, is one exclusively between the State and the corporation, the decision of which may abide the issue between them, and which is no affair of defendant.

The defendant, under his exception, has no concern with this act except in so far as it affects the corporate existence of plaintiff.

From this point of view, the act stands before us as a bare and naked legislative repeal of a corporate charter.

That the plaintiff's charter possesses all the features of a contract is so patent on the face of the acts granting the same as not to admit of dispute.

Hence, as a mere repealing act, the act 86 of 1884 is in flagrant violation of Art. 447 Civil Code and Art. 105 of the Constitution of 1852, in force at the date of the contract, of Art. 155 of the present Constitution and of Section 10, Article 1, of the Constitution of the United States. This leaves the defendant's exception without support.

Appreciating the interest of the State in the questions involved, we caused the Attorney General to be notified of the pendency of this suit and invited him to file a brief in protection of the State. He concluded, no doubt wisely, that the State's rights were not necessarily involved in the decision of this controversy. We have striven to avoid, as far as possible, any preclusion of the rights of the State and to confine ourselves to the sole question the decision of which was essential in the instant case.

It is, therefore; ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and, it is now decreed that the exception filed by defendant in the lower court be overruled and that the cause be remanded to the lower court to be there proceeded with according to law.