HIGGINS, Justice.
 

 This matter comes before us on a motion to dismiss the appeal which is based upon the following grounds:
 

 (1) That the secretary-treasurer and manager of the appellant corporation was without authority to institute the proceeding, and therefore without authority to appeal from the adverse decision of the lower court.
 

 (2) That appellant’s case is without merit because Act 159 of 1934, generally known as the Moratorium Law, only applies to foreclosure proceedings and not to the sale of a debtor’s property under a writ of fieri facias.
 

 (3) That, since the suspensive appeal was granted in accordance with section 7 of Act No. 159 of 1934, the sheriff, in executing the writ of fieri facias, sold the property of the appellant, which sought to prevent the plaintiff and the sheriff from doing so, and, consequently, the case now presents merely a moot question.
 

 The record shows that the plaintiff, claiming to be a judgment creditor, was about to sell real estate belonging to the appellant, which sought to have the sale postponed under the provisions of Act No. 159 of 1934, known as the Moratorium Law. The plaintiff questioned the right of the defendant and appellant to invoke the proceedings on the following grounds: (1) That the secretary and treasurer of the appellant corporation was without authority to bring the action and stand in judgment. (Considerable testimony was taken in connection with this factual dispute.) (2) That the Moratorium Law only applied to foreclosure proceedings and not sales under a writ of fieri facias.
 

 Returning to the grounds of the motion to dismiss the appeal and taking them up in the order in which we have stated them, we observe that the exception to the authority of the officer of the appellant corporation to institute the proceeding and stand in judgment cannot be considered on a motion to dismiss the appeal, because it properly belongs to the merits of the case. Ruiz v. Pons, 141 La. 110, 74 So. 713; Twomey v. Papalia, 142 La. 621, 77 So. 479; Carondelet Canal
 
 &
 
 Nav. Co. v. The First Chevere Tedesco, 37 La. Ann. 100; Pasley v. McConnell, 39 La. Ann. 1097, 3 So. 484; Borden v. La. State Board of Education, 168 La. 1005, 123 So. 655, 67 A. L. R. 1183.
 

 The second reason given why the appeal should be dismissed requires an interpretation of the provisions of Act 159 of 1934, and therefore unquestionably involves the merits of the case. A motion to dismiss an appeal based upon reasons involving the merits of the case must be denied. Dreyfus v. American Bonding Co., 136 La. 491, 67 So. 342; Board of School Directors v. Meridith, 140 La. 269, 72 So. 960; Baker v. Frellsen, 32 La. Ann. 822; Drewes & Co. v. Ham, 157 La. 861, 103 So. 241; John Barkley & Co., Ltd. v. Ham, 157 La. 872, 103 So. 245.
 

 
 *626
 
 .It is apparent that the question of whether or not the case is now a moot one depends upon an interpretation of the provisions of Act
 
 No. 159 of 1934,
 
 section 7 of which reads as follows:
 

 “The trial of any action, hearing or proceeding mentioned in this Act shall he held at the time fixed for the hearing of the rule, and in any event not later than thirty days after the filing by either party of any action or proceeding herein authorized, or trial may be held at any general or special term, or in chambers, or during vacation of the court, and the order of the court shall be filed within five days after trial or hearing, and an appeal shall lie to the court of competent appellate jurisdiction within five days after such judgment becomes final, provided, that pending the decision of the appellate court, all proceedings designed to effect the sale of real property in any foreclosure proceeding shall he suspended.”
 

 The order of appeal granted by the trial judge is in the following language:
 

 “Let the petitioner be and it is hereby granted a devolutive and suspensive appeal, under and in conformity with the provisions of Section 7 of Act 159 of the Regular Session of the Legislature for the year 1934, and with all the effect of such appeal as therein provided, as prayed for in the foregoing petition, returnable to the Supreme Court of the State of Louisiana on the 24th day of September, 1934, according to law, upon its furnishing bond, with good and solvent security in the sum of Three Hundred ($300.-00) Dollars; and let a copy of this petition and order and a citation of appeal be served upon Joe Gottlieb and H. A. Reid, defendants in rule, according to law.”
 

 Since the appeal was properly perfected, if the defendant’s case falls within the provisions of the Moratorium Law, all proceedings designed for the purpose of effecting the sale of the real estate would be suspended pending the suspensive appeal. Plaintiff has no right to resolve questions concerning the merits of the case in his favor and to do anything in violation of the provisions of the act and in disobedience to the order of the court granting the suspensive appeal. He cannot by that method defeat the defendant’s right to have the case reviewed on appeal. Favrot v. Paine & Bourgeois, Inc., 9 La. App. 30, 118 So. 775; Succession of Bothick, 110 La. 109, 34 So. 163; and Succession of Baumgarden, 35 La. Ann. 676; Baker v. Frellsen, 32 La. Ann. 822; C. P. art. 400.
 

 The determination of the question of whether or not the case is a moot .one necessarily involves a consideration of the merits, and consequently cannot form the basis of a motion to dismiss the appeal. The law favors appeals. The mere fact that the appeal might be a frivolous one is not a ground for the dismissal of it. The only right that the appellee has in such instances is to ask the court to assess 10 per cent, damages.
 

 For the reasons assigned, the motion to dismiss the appeal is denied.