PER CURIAM.
Defendant-appellee has moved to dismiss this appeal for the reason that plaintiff appellant failed to file a narrative of facts prior to the lodging of the record in this court by the Clerk of the City Court. See LSA-C.C.P. Art. 2131. The correctness of the trial court’s judgment in this case depends upon the missing testimony.
No transcript was made of the evidence taken at the trial on the merits, nor, so far as the record shows, was any effort made by appellant to secure a written narrative of the facts, either by joint agreement of the parties or by the trial court if the parties could not agree.
The judgment appealed from was signed March 13, 1969. On March 18th, the appeal was perfected and made returnable on May 15, 1969. On April 3, 1969, the Clerk of the Lafayette City Court filed the record in the Court of Appeal, Third Circuit. Counsel for appellant filed his brief on April 17th, and on April 21st, this motion to dismiss the appeal was filed.
LSA-C.C.P. Article 2161 provides in part that the motion to dismiss “ * * * must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.” (Emphasis added) In this instance the return day was May 15, 1969. The motion to dismiss was filed long before the last possible day, but the premature filing does not, of itself, require that the motion be overruled.
Although LSA-C.C.P. Article 21.31 requires that the narrative of facts be filed “ * * * at any time pribr to the lodging of the record in the appellate court * * * ”, C.C.P. Article 2132 provides that “A record on appeal * * * which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court.”
In the case of In re La Fauci, La.App.4 Cir., 146 So.2d 695, the record, as originally filed, contained no transcript or note of evidence or statement of facts. The record was filed May 31, 1962 and it was not until August 17, 1962 that the trial judge’s findings of fact were forwarded to the appellate court by counsel for appellee. It was held that LSA-C.C.P. Articles 2088 and 2132 enabled the trial court to supply finding of facts ten weeks after the appeal was lodged in the appellate court where no transcript or note of the evidence was in the record and where the parties could not agree on a statement of facts.
In this case, the record was lodged in the appellate court two weeks after the appeal was taken and six weeks prior to the return date. It would not be just or proper to hold that the premature lodging of the record in the appellate court would require a dismissal of the appeal. As permitted by LSA-C.C.P. Articles 2088 *306 and 2132, appellant is authorized to secure a written narrative of the facts, either by joint agreement of the parties or by the trial court if the parties cannot agree. This narrative should be lodged in- this court on or before May 15, 1969. The trial court has the right to extend this deadline as permitted by LSA-C.C.P. Article 2125.
The motion to dismiss the appeal is at this time overruled, reserving to appellee the right to reurge it should the narrative of facts not be timely lodged in this court.