HOOD, Judge.
This is a suit on a promissory note instituted by Motors Insurance Company against Ralph Isadore. The defendant answered denying the allegations contained in plaintiff’s petition, and pleading as special defenses that the note is void because of fraud and misrepresentation and that no consideration was received for it. Judgment was rendered by the trial court in favor of defendant, and plaintiff has appealed.
We have concluded that the note is void because of fraud and misrepresentation on the part of plaintiff. It is unnecessary, therefore, for us to consider the other defenses urged by defendant.
The testimony of the witnesses was not taken down in writing at the trial. After the appeal was taken, defendant-appellee moved to dismiss the appeal on the ground that plaintiff had failed to obtain and file a narrative of the facts prior to the lodging of the record in this court. We denied the motion to dismiss, but we reserved to defendant the right to re-urge it should plaintiff fail within a specified time to submit a written narrative of the facts as provided in LSA-C.C.P. Art. 2131. See Motors Insurance Company v. Isadore, La. App., 222 So.2d 304. Thereafter, the parties being unable to agree on the matters which were proved, the trial judge made a written narrative of the facts which was timely filed in the record.
The trial judge’s statement of the facts is conclusive. LSA-C.C.P. Art. 2131. According to it, the evidence consisted solely of the promissory note on which the suit is based, the testimony of defendant Isadore, a letter written by counsel for the plaintiff to the defendant and another letter written later by the same counsel to defendant’s attorney.
The promissory note is made payable to the order of plaintiff and is dated April 4, 1967. It purports to have been signed by defendant Isadore by affixing his “(X)” mark to it, and it contains the signatures of two other persons who purportedly witnessed the signature of the maker. The note is for the principal sum of $824.28, and it stipulates that it is payable in monthly installments of $25.00 each, the first such installment being due on April 4, 1967.
The following is a summary of the testimony of defendant Isadore, as shown in the trial judge’s narrative of the facts: Defendant has had no education and he can neither read nor write. Following an auto *653 mobile accident in which he was involved, plaintiff’s agent called at Isadore’s home and informed him that he would lose his driver’s license unless he paid plaintiff $25.00. Defendant made that payment to plaintiff’s agent. He was then presented with a piece of paper containing “two crosses,” and was told that the paper related to the accident. Isadore denies that the agent told him that the paper was a promissory note or that it constituted an agreement to pay damages. He testified, according to the trial judge’s account of the facts, that “he put his mark on a piece of paper and paid plaintiff’s agent $25.00 to save his driver’s license. He stated he didn’t know any better.”
No testimony other than that of defendant Isadore was produced at the trial, and thus there is no other evidence in the record which relates to the question of whether the note was obtained through fraud and misrepresentation. The two letters from plaintiff’s counsel which are in evidence were written long after the note was executed, and they are not relevant to the issue which is being considered here. The trial judge concluded that “the unrebutted version of the defendant would be accepted as true in view of the failure of the plaintiff to call its agent for testimony on its behalf.”
The findings of fact made by the trial judge, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight, and his conclusions will not he disturbed unless found to be clearly erroneous. Gulf Machine Shop v. Poynter, 192 So.2d 606 (La.App. 3d Cir. 1966). In the instant suit we find no error on the part of the trial court in accepting defendant Isadore’s statements as being true.
One who alleges fraud has the burden of establishing it by legal and convincing evidence, since fraud is never presumed. To establish fraud exceptionally strong proof must be adduced. Sanders v. Sanders, 222 La. 233, 60 So.2d 284 (Supreme Ct. of La. 1952); Fitch v. Broussard, 156 So.2d 127 (La.App. 3d Cir. 1963).
We find, as did the trial judge, that plaintiff’s agent induced defendant, an illiterate man,, to sign this note on the representation that it was necessary for him to do so, as well as to pay $25.00, in order to avoid losing his driver’s license. Defendant was never told that the paper which he was signing was a promissory note or a promise to pay any additional sum of money. We believe the representations made to defendant by plaintiff’s agent, under the circumstances presented here, constitute fraud or misrepresentation sufficient to void the note. See X-L Finance Company v. Carrier, 215 So.2d 185 (La.App. 3d Cir. 1968); Lottinger v. Mark II Electronics of Louisiana, Inc., 179 So.2d 644 (La.App. 4th Cir. 1965).
Plaintiff contends, however, that it is a holder in due course of the note, and that defendant thus is not entitled to urge the special defense of fraud and misrepresentation. We cannot agree that plaintiff is a holder in due course because the evidence shows that at the time the note was taken plaintiff was not in good faith and it had notice of the very infirmity which has been proved here. See LSA-R.S. 7:52 and 7:55; X-L Finance Company v. Carrier, supra.
Our conclusion is that the note is void because of fraud and misrepresentation, and that there is no error in the judgment of the trial court rejecting plaintiff’s demands.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.