ON MOTION TO DISMISS
Before SAMUEL, GULOTTA and BAILES, JJ.
GULOTTA, Judge.
This is a motion to dismiss a suspensive appeal because of the failure of the appellant to timely pay to the clerk of the trial court the fees and costs of appeal and for preparing the record of appeal as provided in LSA-R.S. 13:4445.[1] Attached to the motion to dismiss is an affidavit of the clerk of the trial court which reads as follows:
“April 25, 1972
“TO WHOM IT MAY CONCERN:
“RE: Suit No. 12,875
Federal National Mortgage Association Vs. Roosevelt Woods, et al.
“Petition for Appeal filed February 11, 1972 and signed by Judge C. William Bradley with the return day being April 11, 1972.
“Appeal Bond filed February 11, 1972.
“Joseph Marcel, III, Attorney for defendant invoiced on March 29, 1972 for Court Costs, (copy attached)
“Phone call received from Joseph Marcel, III during week of April 10th advising that the defendant John Ward was going to contact my office concerning payment of costs.
“John Ward contacted Clerk’s Office on April 17, 1972 advised that he would bring money to pay costs by Friday April 21, 1972.
“Received money on Monday April 24, 1972 from my neighbor that advised John Ward had left money there Sunday April 23, 1972.
*747 “Record mailed in to Court of Appeals on Tuesday April 25, 1972.
/s/ Edward A. Dufresne, Jr.
“EDWARD A. DUFRESNE, Jr.
“Clerk of Court
“Sworn to and subscribed before me this day.
April 25, 1972.
/s/ Pearl A. Bourgeois
“Deputy Clerk of Court”
Appellant, in seeking to set aside the motion to dismiss, relies upon a copy of a receipt apparently dated April 9, 1972, from a neighbor of the clerk of court evidencing the fact that he received from John Ward $120.25 in cash and three checks totaling $213.00 which were to be given or transmitted to the clerk of court.
The return date for filing the record in the Court of Appeal was April 11, 1972. The record reflects that the record was forwarded to this court on April 25, 1972, approximately 14 days subsequent to the return date.
We note the mandatory language of LSA-C.C.P. art. 2126 pertaining to payment of costs for appeals:
“The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.” (emphasis ours)
The Official Revision comments thereunder explain the effect of this article and related statutes:
* * * * * *
“The new statute adopted to implement the above article accords with the latter, and specifies what fees the clerk of the trial court shall charge the appellant. See revised R.S. 13:4445 and 13:4446. Both this statute and the above article are intended to overrule legislatively the unfortunate and unworkable rule of Osborne v. Mossier Acceptance Corporation, supra, by: (1) making it the mandatory duty of the appellant to pay these fees to the clerk of the trial court; and (2) requiring such payment to be made not later than three days before the return day, or extended return day. If the appellant fails to pay such fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant, (emphasis ours) * * *
The jurisprudence is clear in interpreting LSA-R.S. 13:4445 that the failure of appellant to pay the appellate court’s filing fee to the clerk of the trial court at least three days prior to the return day (or extended return day) constitutes mandatory grounds for the dismissal of the appeal. See: Raymond v. Columbia Casualty Company, 179 So.2d 654 (La.App. 4th Cir.1965); Cavalier v. La Salle, 126 So.2d 23 (La.App. 1st Cir. 1960).
While Ward took it upon himself to deposit the funds with a neighbor (according to his representation on April 9, 1972, prior to the return date) he must bear the consequences of the money being transmitted to the clerk of the trial court on a date subsequent to the return date. The selection of the unauthorized person with whom the funds were given (a neighbor of the clerk) was the choice of the appellant. It is the responsibility of the appellant to deposit the funds with the clerk or his deputy and not with someone not clothed with the authority to accept the funds. It was appellant’s action that set the stage for the delay.
We are mindful of the line of jurisprudence holding that the lav? favors the *748 right of appeal;[2] nevertheless, in this instance, we have no alternative but to order the dismissal of the appeal.
We note that the receipt is dated April 9, 1972, and that the statute requires the payment to be made not later than three days before the return date (4/11/72). However, in view of the conclusion reached herein above, we find no necessity of considering this aspect.
For the foregoing reasons, the appeal filed herein is dismissed. Costs are to be paid by the defendant-appellant.
Appeal dismissed.

. LSA-R.S. 13:4445 reads as follows:
“A. Not later than three days before the return day, or extended return day, of the appeal fixed by the trial court, the . appellant shall pay to the clerk of the trial court:
“(1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and
“(2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal.
“B. The clerk of the trial court shall transmit the fees due the appellate court clerk, with the record of appeal, to the clerk of the appellate court to which the appeal is taken. The clerk of the appellate court shall not docket the appeal or file the record thereof until he has received the fees due him. When the appellant has paid the fees required under Sub-section A of this Section timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant.”

. Succession of Tullier, 216 La. 821, 44 So.2d 880 (1950); Gottlieb v. Avery Realty Co., 180 La. 621, 157 So. 369 (1934); Pierson v. Victory Industrial Life Ins. Co., 18 La.App. 327, 134 So. 425 (1931).