SCHOTT, Judge.
Plaintiff-Appellee has moved to dismiss defendant’s appeal on the basis that the record has not been filed in the appellate court within the delay authorized in the order of appeal.
In support of her motion, there is attached a certified copy of the motion and order for appeal showing that defendant filed his motion on September 11 from a judgment rendered on September 4, and obtained an order for a devolutive appeal returnable to this Court on November 9, 1973. Three successive extensions of the return date were signed by the trial judge, with the last extension reading: “It appearing the transcript is not complete, the return date herein is extended to April 7, 1974.” There is an affidavit by the court reporter to the effect that she- prepared the transcript of the trial for the appeal and that it was filed with the clerk of court before the extended return date; “that she billed the appellant, through his attorney, for the cost of the transcript on March 19, 1974; that as of April 7, 1974, the extended return day, her fees had not been paid despite demand.” Also attached is an affidavit by the clerk of the 29th Judicial District Court for the Parish of St. John the Baptist in which he recites that the record has not been returned to this court and that “appellant has paid the costs of the Clerk of Court but has failed to pay the cost due the court reporter for the 29th Judicial District Court for preparing the trial transcript which was timely prepared and filed with the office of the Clerk of Court.”
Under LSA-C.C.P. Art. 2126, the duty rests upon the appellant to pay all costs of preparing the record on appeal. See the official revision comments to this article and LSA-R.S. 13:4445.
In the implementation of this article this Court has held that a motion to dismiss an appeal shall be granted only if the irregularity, error or defect complained of by the appellee is imputable to the appellant. Delaware Improvement Corporation v. Shall, 243 So.2d 75 (La.App. 4th Cir. 1971).
In response to the affidavits filed by ap-pellee, appellant’s, attorney denies that the stenographer’s bill was sent to him and argues that in the absence of a showing that the appellant was notified by the clerk of the trial court as to the cost due the appeal is not subject to dismissal.
Under similar circumstances in Cobb v. Bergeron, 223 So.2d 483 (La.App. 1st Cir. 1969), the case was remanded to the trial court for an adjudication of the controversy between the parties on the theory that the ends of justice would best be served by the taking of testimony with opportunity afforded to all concerned to make full disclosure in a contradictory proceeding. In view of the conflict between the affidavits on the one hand and the statement of counsel for appellant in his memorandum on the other, we have concluded that a remand would be appropriate in the instant case.
Accordingly, it is ordered, adjudged and decreed that this matter be, and the same is hereby remanded to the lower court for an evidentiary hearing to determine whether the court reporter’s bill was sent to appellant and ultimately whether the failure timely to lodge the record on appeal is imputable to appellant. Assessment of costs incident to this motion to dismiss is deferred until final determination of the motion.
Remanded.