311 So.2d 45 (1975)
Verlie Labat IMHOFF
v.
Lawrence George IMHOFF.
No. 6712.
Court of Appeal of Louisiana, Fourth Circuit.
January 21, 1975.
Rehearing Denied April 15, 1975.
Writ Refused June 20, 1975.
F. L. Frank Morris, P. R. Johnson and F. L. Morris, Metairie, for defendant-appellant.
Alfred Abramson, La Place, for plaintiff-appellee.
Before LEMMON, STOULIG and SCHOTT, JJ.
SCHOTT, Judge.
We consider for a second time appellee's motion to dismiss, after an evidentiary hearing conducted pursuant to the instructions in our opinion on original consideration. See Imhoff v. Imhoff, 296 So.2d 462 (La.App. 4th Cir. 1974).
At the hearing the court reporter testified that she mailed her bill to counsel for appellant on March 19, 1974, well in advance of the April 7 return date and that she was not paid until early May following a conversation that she had with counsel in the courthouse. Counsel testified that he did not receive the bill; that the first notice he received as to the amount due was when he saw the court reporter in the courthouse in May; and that upon being advised of the amount he paid her shortly thereafter.
*46 We accept counsel's testimony, but the question remains whether the fault for the delay in the payment of the costs is imputable to appellant.
In Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278, the following was said:
"Although the clerk is charged with primary responsibility of lodging the record in the appellate court and with securing extensions of return date in order that the record may be properly completed and filed, it is not incumbent upon the clerk to seek extended return dates or to file the appellate record when costs and fees have not been timely advanced by the appellant or the record has not been completed for reasons imputable to the negligence, error, or fault of the appellant. It is incumbent upon the appellant to keep informed of the return date and extended return dates and of the amount he must pay as costs of appeal. Timely payment or tender of payment must be made in accordance with law under penalty of the appellant's losing his appeal." (Emphasis supplied)
It is clear from the above that an appellant cannot, once he takes his appeal and files an appeal bond, forget about the case until being notified by the clerk and/or the court reporter. See also Federal National Mortgage Association v. Woods, 263 So.2d 745 (La.App. 4th Cir. 1972).
There is nothing in the record of the evidentiary hearing to show that appellant complied with the duty placed on him to follow up on his appeal with respect to the return date and the anticipated costs. Therefore, we find that LSA-C.C.P. Art. 2126 was not complied with and the defect is imputable to appellant as provided by C.C.P. Art. 2161.
Accordingly, the appeal is dismissed at appellant's cost.
Appeal dismissed.
LEMMON, J., concurred specially.
LEMMON, Judge (concurring specially).
Dismissal of this appeal is compelled by present statutory law, which in effect places the burden upon the appellant to check the original return date, to insure that all extensions are timely secured, and to periodically inquire about completion of the record and transcript of testimony and about billing of costs, which are normally not calculated until the record is ready for filing.
In my opinion this statutory law has proved impractical and has produced harsh results. Seldom is the record ready for filing on the original return date; numerous extensions are the rule, rather than the exception. Diligent counsel, fearful of losing appeal rights, must mark calendars, contact clerks and court reporters, and literally participate in preparation of the record, all after the appeal has been granted and bond filed.[1]
The return date should be a time limitation imposed on the clerk and court reporter, not on the parties. In my opinion present statutory law should be changed to place this burden in the proper place. The appellant should not be required to take any further steps after furnishing security until the reporter has filed the transcript of testimony and the clerk has completed the record and calculated the bill, at which time an appropriate statute could require service on the appellant or his attorney of notice that the record is ready to be lodged and that the costs in excess of his deposit must be paid within a specified period fixed by law.[2] This suggested procedure *47 would relieve the appellant of any duty to police preparation of the record after furnishing security and would give him notice of and a specific time within which to perform his principal remaining duty, which is to pay the costs of the appeal and the filing fee in the appellate court.
The present procedure cries out for total revision in order to protect litigants from losing appeal rights, while affording lawyers a workable procedure without undue burden and affording clerks and court reporters assurance of collecting their fees.

ON APPLICATION FOR REHEARING
PER CURIAM.
In her application for rehearing appellant contends that the motion to dismiss the appeal was not filed within the time limits prescribed by LSA-C.C.P. Art. 2161; that is, "within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later." As can be seen by reference to our earlier opinion in these proceedings, Imhoff v. Imhoff, 296 So.2d 462 (La.App. 4th Cir. 1974) the return date was April 7, 1974. Appellee filed her motion on May 15, 1974. Following the remand and the evidentiary hearing ordered by us in our earlier opinion, the record containing the entire transcript including that of the evidentiary hearing was lodged in this Court on November 7, 1974. We then for a second time considered appellee's motion to dismiss on the basis of the entire record including the transcript of the evidentiary hearing.
Arguing that the word "within" in the cited article means the period of time between two fixed dates appellant would have us deny appellee's motion to dismiss because it was not filed within three days of April 7 (the return date) or November 7 (the date on which the record was lodged).
At the time appellee's motion was filed the return date had passed and had not been extended, the transcript was not being prepared because the court reporter had not yet received appellant's deposit which was in the form of a check dated May 15. To agree with appellee would lead to an absurd result. Once the return date passed and if appellant never saw fit to arrange for the payment of the cost incurred in the preparation of the transcript appellee might never be in a position to move to dismiss because the record might never be lodged in this court unless appellee paid the costs and had the record lodged for the sole purpose of moving to dismiss.
The more reasonable interpretation is that while the motion to dismiss was filed more than three days before the record was lodged the motion was on file within three days of that date and there was timely compliance with Art. 2161 in all respects. This is consistent with Motors Insurance Company v. Isidore, 222 So.2d 304 (La.App. 3rd Cir. 1969) where it was held that the motion to dismiss filed on April 21, long before the return day of May 15, 1969, was a premature filing but of itself did not require that the motion be overruled. At worst, the filing of the motion in the instant case might be considered to be premature since the record was not lodged until much later, but under the circumstances this does not require that the motion be overruled.
Application for rehearing is denied.
NOTES
[1] In this case appellant filed a cash bond in an amount set by the trial judge as sufficient to secure the payment of all appellate costs. C.C.P. art. 2124.
[2] Clerks and reporters object that many appeals are abandoned and that their fees in such situations for work already performed are difficult to collect unless a deposit is required. Perhaps statutes could require cash deposits in an amount estimated to be sufficient to cover the cost of preparing the transcript of testimony and the record on appeal.