ON MOTION TO DISMISS
This matter is before us on appellees’ timely filed motion to dismiss the appeal. These facts are not in dispute:
The suit is for personal injuries resulting from an alleged tort. Plaintiff timely appealed from an adverse judgment which dismissed his suit. August 13,1976 was the return day set in the order of appeal. Three extensions of the return day were obtained by the deputy clerk, the first two from the trial court and the third (on December 9, 1976) from a judge of this court. The last extended return day was January 13, 1977. The trial court costs were paid January 17,1977 and the record was lodged in this court on the following day, January 18.
Attached to the motion is a certificate by the deputy clerk stating that the costs (of preparing the record and this court’s filing fee) were not paid “as of January 14, 1977” and that, by telephone, he had notified the attorney for the appellant the return day had been extended to January 13, 1977.
The attorney for the appellant concedes he received a telephone call “made some time in December” during which the deputy clerk requested payment of costs be forwarded by a specified date. His memorandum and opposition to the motion also states the appellant is a Japanese national with whom he has not been in contact for many months and that on January 17, when he was apprised of the expiration of the extension day as a result of his telephone call to the deputy clerk, he paid the costs with his own funds.
Code of Civil Procedure Article 2161 provides that an appeal shall not be dismissed because of any irregularity, error or defect unless it is imputable to the appellant. Thus, the question presented is whether the failure to lodge the record in this court on or prior to the last extended return day is imputable to the present appellant. If so, this appeal must be dismissed.
*683 Prior to October 1, 1976, the effective date of Acts 426 and 708 of 1976, our jurisprudence was to the effect that under the facts of this case this appeal would be dismissed.[1] However, Act 426 of 1976 amended and reenacted Article 2125 of the Code of Civil Procedure and that article now provides the trial court may grant only one extension of the return day for the appeal of a civil suit and that subsequent extensions of the return day shall be granted by the appellate court. Act 708 of 1976 adds a new article, 2125.1, to the Code of Civil Procedure and that new article reads, in part:
“When a subsequent extension of the return day is granted by the appellate court in accordance with the provisions of Article 2125, notice thereof shall be given by mail by the clerk of the trial court to counsel of record of all parties, and to parties not represented by counsel. The failure of the clerk of the trial court to mail such notice does not affect the validity of the appeal, nor does any error or defect that is not imputable to the appellant affect the validity of the appeal.” (Emphasis ours).
As shown by the above recited facts, the quoted provision of Act 708 of 1976 was not complied with in this case; no notice was given by mail of the extended return day granted by this court. The notice requirement is mandatory, appeals are favored, and we therefore hold that the failure to timely lodge the record is not imputable to the appellant.
For the reasons assigned, the motion to dismiss the appeal is denied.
MOTION DENIED.

. See Louisiana Power & Light Company v. v. Imhoff, La.App., 311 So.2d 45. Lasseigne, 255 La. 579, 232 So.2d 278; Imhoff